## NATIONAL LABOR RELATIONS BOARD v. NILES–BEMENT–POND CO.

### No. 20, Docket 22359.

United States Court of Appeals
Second Circuit.

Argued Oct. 15, 1952.

Decided Nov. 10, 1952.

George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Arnold Ordman and Mary E. Williamson, Attorneys, National Labor Relations Board, Washington, D. C., for petitioner.

Walfrid G. Lundborg, Hartford, Conn., for Niles-Bement-Pond Co., respondent.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The National Labor Relations Board, one member dissenting, ordered the respondent to desist from refusing to bargain collec-

tively with the duly designated bargaining agent of its employees about its so called Christmas bonus and from taking any unilateral action in respect to said bonus without prior consultation with the union.

Since 1938, it has been the uniform practice of the respondent, except in 1946, when its employees were on strike, to make what it calls Christmas gifts to most of its employees. These "gifts" were in money and the amount was either a percentage of the recipient's entire earnings or his pay for a designated period, as for a week.

On December 11, 1950, the president of the respondent notified the employees by letter to the effect that for that year the estimated cost of a retirement fund, which had been established for the employees, would be several times what had been distributed each year-end and that, consequently, the Christmas check for that year would be for a dollar for each year of continuous service with a minimum of five dollars.

Soon thereafter a representative of the union which was the authorized bargaining agent of the employees requested a meeting with the respondent "to discuss the payment of the Christmas bonus and the retirement plan." The respondent assented to the request to discuss the retirement plan but refused to bargain in respect to the Christmas bonus on the ground that it was a gift, the making of which was entirely optional and not within the scope of bargaining as required by the statute.

The Board found that the Christmas gifts, so made, were within the meaning of "wages" as that term is used in Section 9(a) of the Act, and that this was a matter upon which the respondent was bound by law to bargain if requested. It held that the respondent had violated Section 8(a) (5) and (1) of the Act by unilateral action in the payment of bonuses and by refusing to bargain collectively on that subject.

Since there is no issue of fact as to the respondent's refusal to bargain as to the payment of bonuses, decision turns upon whether their payment is so related to rates of pay, wages, hours or conditions of employment, that they fall within one or more of the statutory terms just mentioned. If so, the respondent did violate Section 8(a) (5) in refusing to bargain concerning them. And if that was a violation of that section, the payment of bonuses was contrary to Section 8(a)(1) also. May Dept. Stores Co. v. N. L. R. B., 326 U.S. 376, 66 S.Ct. 203, 90 L.Ed. 145. See also N. L. R. B. v. General Motors Corp. 2 Cir., 179 F.2d 221.

It does, of course, merely beg the question to call them "gifts" and to argue, however persuasively, that gifts *per se* are not a required subject for collective bargaining. But if these gifts were so tied to the remuneration which employees received for their work that they were in fact a part of it, they were in reality wages and so within the statute. This was a question of fact and if the Board's finding to that effect was supported by substantial evidence it ends the matter. We think it was. Where, as here, the so-called gifts have been made over a substantial period of time and in amount have been based on the respective wages earned by the recipients, the Board was free to treat them as bonuses not economically different from other special kinds of remuneration like pensions, retirement plans or group insurance, to name but a few, which have been held within the scope of the statutory bargaining requirement. W. W. Cross, Inc., v. N. L. R. B., 1 Cir., 174 F.2d 875; Inland Steel Co. v. N. L. R. B., 7 Cir., 170 F.2d 247, 12 A.L.R.2d 240. Indeed, in Singer Manufacturing Co. v. N. L. R. B., 7 Cir., 119 F.2d 131, certiorari denied, 313 U.S. 595, 61 S.Ct. 1119, 85 L.Ed. 1549, it was recognized that the payment of a bonus was a subject as to which an employer was bound to bargain collectively upon request.

Since the collective bargaining agreement already made did not contain any clause dealing with this subject matter it was one upon which the respondent was bound to bargain when the union requested it to do so. N. L. R. B. v. Jacobs Mfg. Co., 2 Cir., 196 F.2d 680.

Nothing we have said, however, should be construed to mean that an employer may not make a bona fide gift to an

employee—*i.e.* one in fact not compensation—without previously bargaining about it. Nor, of course, does the requirement to bargain in good faith, which we hold the statute imposes upon this respondent, create any legal duty to agree to any terms in respect to the payment of bonuses which it may decide in good faith to be incompatible with good business judgment.

Order enforced.