NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

MOSS PLANING MILL CO., Respondent.

No. 6605.

United States Court of Appeals
Fourth Circuit.

Argued June 16, 1958.

Decided June 18, 1958.

Robert E. Manuel, Attorney, National Labor Relations Board, Washington, D. C. (Jerome D. Fenton, General Counsel, Thomas J. McDermott, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Frederick U. Reel, Attorney, National Labor Relations Board, Washington, D. C., on brief), for petitioner.

John A. Wilkinson, Washington, D. C., for respondent.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

For the fourth time this case is before the court. On the first petition of the National Labor Relations Board, in 1953, we ordered enforcement, and the case was remanded for computation of back pay for the two employees, Wynne and Fulcher, who had been illegally discharged in 1951. 206 F.2d 557.

After further proceedings the Board computed the wages lost by Wynne and Fulcher as a result of the discrimination at the sum of $3,710.29 and $2,184.42, respectively. The matter came before us a second time in 1955 at the instance of the employer. We upheld its contention that the Board erred as a matter of law in failing to deduct the amount Wynne received under the North Carolina Workmen's Compensation Act for physical injuries inflicted by an official of the employer company at the time of his discharge. We further directed the Board to make specific findings as to whether the two men could have realized greater interim earnings between discharge and reinstatement if they had been willing to accept agricultural or other work, instead of unduly confining their search for employment. The case was remanded for these corrections. 224 F.2d 702.

The Board then recomputed the back pay in accordance with its understanding of the Court's order. It charged the men with agricultural earnings they could have made during the back pay period. It arrived at an award of $2,572.37, about $1,200 less than the previous award, to Wynne; and it awarded $1,839.31, about $300 less than the earlier award, to Fulcher.

Again the employer appealed, this time on the ground that the Board had failed to afford it an opportunity to be heard

with respect to the matters involved. This Court, considering the case for the third time, vacated the Board's order. We remanded the case and directed the Board to afford the employer a hearing, with the right to either side to introduce additional evidence.

The Board reopened the record, received additional testimony from both sides, and made specific findings as to availability of alternative work opportunities and the employees' diligence in seeking them. Both the general counsel of the Board and the employer's attorney filed exceptions to the examiner's report and briefs.

This time the Board increased the award to Wynne from $2,572.37 to $2,842.21, on the ground that in the first agricultural season following his discharge he was not required to seek agricultural employment at lower wages than he had been earning, but was justified in waiting three months before "lowering his sights." In the case of Fulcher, too, an increase was allowed for this factor, but after taking into account certain additional testimony necessitating other adjustments, the $1,839.31 award was reduced to $1,509.46.

The Board based this action upon a Sixth Circuit case, N. L. R. B. v. Southern Silk Mills, Inc., 1957, 242 F.2d 697, which was decided after the last decision of this Court in the instant case and before the final hearing before the trial examiner. The Board itself having previously found as a fact that these employees should have sought agricultural work in the 1951 season, we are of the opinion that this phase should not have been redetermined. The rule of law which in some circumstances gives the Board discretion to determine how soon an employee should be required to seek work at lower wages or in another industry, should be given no application here in view of the prior findings of the Board.

The Board agrees that if it is required to adhere to the view previously expressed by it in regard to the employees' diligence or lack of it in seeking agricul-

tural work, then the correct amount of the awards would be $2,592.97 for Wynne and $1,325.57 for Fulcher.

In the present proceeding, the respondent also challenges the rest of the awards, asserting that there is no reasonable basis for them in the record. The testimony of Wynne and Fulcher was sharply contradicted in a number of particulars, and there is abundant countervailing evidence which would, if accepted, justify lesser allowances. Nevertheless, finding adequate support in the record for the alternative award, we will enter a decree affirming the Board's action, with the indicated modification, namely, fixing the allowance to Wynne at $2,592.97, and that to Fulcher at $1,325.57.

Modified and enforced.