NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

DETROIT RESILIENT FLOOR DECO-
RATORS LOCAL UNION NO. 2265 OF
the UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF
AMERICA, AFL–CIO, Respondent.

No. 15082.

United States Court of Appeals
Sixth Circuit.

May 22, 1963.

Ira Lechner, N. L. R. B., Washington,
D. C. (Stuart Rothman, Gen. Counsel,
Dominick L. Manoli, Associate Gen.
Counsel, Marcel Mallet-Prevost, Asst.
Gen. Counsel, Melvin J. Welles, Joseph

C. Thackery, Attys., N. L. R. B., Wash-
ington, D. C., on the brief), for petition-
er.

Sander M. Levin, Detroit, Mich.
(Schwartz, O'Hare & Levin, Detroit,
Mich., Boaz Siegel, Detroit, Mich., of
counsel, on the brief), for respondent.

Before CECIL, Chief Judge, WEICK,
Circuit Judge, and TAYLOR, District
Judge.

CECIL, Chief Judge.

This cause is before the Court on pe-
tition of National Labor Relations Board
for enforcement of its order against re-
spondent, Detroit Resilient Floor Decora-
tors Local Union No. 2265 of the United
Brotherhood of Carpenters and Joiners
of America, AFL–CIO. The parties will
be referred to hereinafter as the Board
and the Union, respectively.

The facts of the case are not in dispute.
The Union negotiated with the employer,
Mill Floor Covering, Inc., of Detroit,
Michigan, and reached agreement on all
contract provisions except one. This
single impasse arose out of a union de-
mand that the employer contribute to
Floor Covering Industry Promotion Fund.
The employer refused to do so. The
Union threatened to strike. The em-
ployer agreed to make the payments un-
der protest, taking the position that the
subject was not one for mandatory bar-
gaining under the Labor Management
Relations Act. The employer filed a
charge against the Union with the Re-
gional Director.

A trial was had before a trial examiner.
Upon submission of his report to the
Board, it found that the Union had en-
gaged in an unfair labor practice, in
violation of Section 8(b) (3) (Sec. 158
(b) (3), Title 29 U.S.C.) of the Act.

The Board ordered the Union, inter
alia, to cease and desist from insisting
upon the employer's compliance with
the provision in the collective bargaining
agreement for contribution to the fund.
The Board further ordered the Union to
post the usual notices.

The question presented is whether a requirement to make contributions to a fund, such as Floor Covering Industry Promotional Fund, is a proper subject of mandatory collective bargaining. Section 8(d) of the Act (Sec. 158(d), Title 29 U.S.C.) specifies as mandatory subjects of collective bargaining "wages, hours, and other terms and conditions of employment, * * *."

The Board has held that "wages, hours, and other terms and conditions of employment" include all emoluments of value or other benefits accruing to employees out of their relationship with their employer. E. g., a pension plan (Inland Steel Company, 77 NLRB 1, 4, enf'd 170 F.2d 247, 12 A.L.R.2d 240 (C.A.7), cert. den., 336 U.S. 960, 69 S.Ct. 887, 93 L.Ed. 1112); vacations, seniority, reimbursement for expenses away from headquarters, sick leave (Pacific Telephone and Telegraph Co., 113 NLRB 478); a stock purchase plan (Richfield Oil Corporation, 110 NLRB 356, enf'd 97 U.S.App.D.C. 383, 231 F.2d 717, 58 A.L.R. 833 (C.A. D.C.), cert. den. 351 U.S. 909, 76 S.Ct. 695, 100 L.Ed. 1444); group insurance (Clinton Foods, Inc., 112 NLRB 239); a bonus (Niles-Bement-Pond Company, 97 NLRB 176, enf'd 199 F.2d 713 (C.A. 2).

The Board said in its Decision and Order in this case: "To hold, however, under this act, that one party must bargain at the behest of another on any matter which might conceivably enhance the prospects of the industry would transform bargaining over the compensation, hours, and employment conditions of employees into a debate over policy objectives." 136 NLRB 769, 771.

The Board concluded "that the question of participation in an industry promotion fund is not a mandatory subject of bargaining because it is neither wages, hours nor a term or condition of employment." Id. at 772. We agree. See, National Labor Relations Board v. Wooster Division of Borg-Warner Corp., 356 U.S. 342, 78 S.Ct. 718, 2 L.Ed.2d 823.

The respondent claims that the Trial Examiner committed prejudicial error in refusing to permit the introduction in evidence of specific examples of other industry promotion funds. Since we hold that such funds are not a proper subject for mandatory collective bargaining, it is not necessary to determine this question.

Enforcement of the Board's order is decreed.