NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

UNITED STATES AIR CONDITIONING
CORPORATION, Respondent.

No. 14535.

United States Court of Appeals
Sixth Circuit.

Sept. 8, 1964.

William J. Avrutis, Atty., N.L.R.B.,. Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon I. Hirsh, Atty., N.L.R.B., Washington, D. C., on the brief), for petitioner.

Roy E. Browne, Hershey, Browne, Wilson, Steel, Cook & Wolfe, Harvey B. Rector, North Lawrence, Ohio, for respondent.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and FOX, District Judge.

PER CURIAM.

On November 30, 1961, this court entered a consent decree ordering enforcement of an NLRB order providing for reinstatement of certain employees found to have been discharged as a result of antiunion discrimination and ordering back pay for the period of their discharge. United States Air Conditioning, 128 N.L.R.B. 117 (1960).

Following entry of the consent decree, a dispute arose as to the amount of back pay due each such employee. A hearing was held before a trial examiner who made specific recommendations which were adopted in a supplemental order of the NLRB. United States Air Conditioning, 141 N.L.R.B. 1278.

In the instant proceeding the NLRB seeks enforcement by this court of the

back pay order. Objections having been filed by respondent, briefs and memoranda were filed by both parties under procedure established in N.L.R.B. v. Jack C. Robinson, C.A. 6, Case No. 12,928, by order dated April 3, 1961.

■ The basic issue raised by respondent is its claim that it was foreclosed by the Trial Examiner from introducing evidence pertaining to unavailability of work for certain of the 22 employees ordered by the consent decree to be reinstated with back pay.

The NLRB supplemental order dealt with this contention as follows:

"In its brief filed after the hearing, the Respondent contends that the Trial Examiner foreclosed it from showing, at the hearing, the unavailability of employment for these 15 discriminatees by excluding the evidence it sought to adduce 'pertaining to economic consideration, lack of work, failure to have a job available for claimants, or any other defense set up in Respondent's answer.' We find no merit in the Respondent's contention that it was foreclosed from presenting any relevant evidence. The Trial Examiner did reject—and properly so—the Respondent's efforts to relitigate the issues previously determined in this case. It is clear from the record, however, that the Respondent was not precluded from adducing any competent evidence regarding layoffs or other economic factors bearing upon the availability of jobs during the backpay periods. Indeed, at one point in the record the Trial Examiner remarked that this was precisely the type of evidence which the Respondent should submit, as distinguished from testimony relating to whether the discriminatees were originally laid off for discriminatory or economic reasons, matters already determined by the Board and Court, but which the Respondent persisted in attempting to relitigate."

Our examination of the memoranda and briefs filed in this court support this conclusion. The record before the Trial Examiner and respondent's brief and memorandum before us are replete with instances of efforts to introduce evidence concerning (or to reargue the legal validity of) the original discharges.

■ Obviously, once the consent decree had been entered, relitigation of the fact issues upon which it was based was foreclosed. N.L.R.B. v. American Manufacturing Co., Inc., 132 F.2d 740 (C.A. 5, 1943), cert. denied, 319 U.S. 743, 63 S.Ct. 1030, 87 L.Ed. 1700 (1943); Pittsburgh Plate Glass Co. v. N.L.R.B., 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251 (1941).

Respondent has cited to this court no instance where it was prevented from introducing evidence dealing with economic circumstances affecting employment possibilities of these employees following the date of the Board's original order.

■ We find substantial evidence to support the Board's finding of constructive discharge as to five employees who were re-employed but not to their "former or substantially equivalent positions" and as to whom the Board's order continued back pay after the date of respondent's original offer of reinstatement. In each instance evidence shows obvious and material deviation from the "former or substantially equivalent" work without any valid economic justification therefor being shown.

Nothing in the cases relied upon by respondent (N.L.R.B. v. Bird Machine Co., 174 F.2d 404 (C.A. 1, 1949); Wallace Corporation v. N.L.R.B., 159 F.2d 952 (C.A. 4, 1947)) serves to dispute the power of the Board to enter supplementary orders for reinstatement and back pay and for such purpose to determine the adequacy of compliance by respondent. In fact, these cases, plus N.L.R.B. v. C.C.C. Associates, Inc., 306 F.2d 534 (C.A. 2, 1962), squarely support such authority. The language relied upon by respondent refers to contempt proceedings which are not involved in the instant appeal.

Our review of the evidence presented by the general counsel for the NLRB and by respondent as to the back pay due each of the 22 persons found to have been illegally discharged indicates that in the great majority of instances respondent's evidence sought to relitigate the original discharge, and that in all instances there was substantial evidence to support the back pay figure arrived at by the Board.

Appellant's only other substantial contention is that the Board's supplementary order illegally included benefits from the company's profit sharing plan and Christmas bonus plan.

█ In computing back pay awards the NLRB should seek to restore the employee to the status quo he would have enjoyed if the discriminatory discharge had not taken place. Moss Planing Mill Co., 110 N.L.R.B. 933, enforced as modified, N.L.R.B. v. Moss Planing Mill Co., 256 F.2d 653 (C.A. 4, 1958); Nabors v. N.L.R.B., 323 F.2d 686 (C.A. 5, 1963) cert. denied, 376 U.S. 911 (1964); N.L.R.B. v. Revlon Products Corp., 144 F.2d 88 (C.A. 2, 1944).

Dealing with a Christmas bonus question, Judge Miller wrote for this court:

"[W]here so-called gifts are so tied to the remuneration which employees receive for their work that they are in fact a part of it, they are in reality wages within the meaning of the statute. This is a question of fact, and if the Board's finding to that effect is supported by substantial evidence, the finding must be accepted on this review. N.L.R.B. v. Niles-Bement-Pond Co., 199 F.2d 713, 714, C.A.2nd; N.L.R.B. v. Wheeling Pipe Line, 229 F.2d 391, 394–395, C.A. 8th; Singer Mfg. Co. v. N.L.R.B., 119 F.2d 131, 136, C.A. 7th, cert. denied, 313 U.S. 595, 61 S.Ct. 1119, 85 L.Ed. 1549." N.L.R.B. v. Electric Steam Radiator Corp., 321 F.2d 733, 737 (C.A. 6, 1963).

See also N.L.R.B. v. Niles-Bement-Pond Co., 199 F.2d 713 (C.A. 2, 1952).

█ We find substantial evidence in this record to support the Board's conclusion that the respondent's profit sharing plan and Christmas bonus plan were part of regular wages for purpose of the back pay awards. N.L.R.B. v. Universal Camera Corp., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

A supplementary decree will issue enforcing the supplementary order of the NLRB.