AMERICAN FIRE APPARATUS COM-
PANY, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 18583.

United States Court of Appeals
Eighth Circuit.

July 26, 1967.

Arley J. Wilson, Marshalltown, Iowa, for petitioner, and Allen E. Brennecke and Mote, Wilson & Welp, Marshalltown, Iowa, were with him on the briefs.

Elliott Moore, Atty., N. L. R. B., for respondent, and Arnold Ordman, Gen. Counsel, N. L. R. B., Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., and Gary Green, Atty. for N. L. R. B., were with him on the brief.

Before VOGEL, Chief Judge, GIBSON and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The precise issue to be determined in this *de minimis* matter is whether an order of the National Labor Relations Board, requiring the petitioner to pay Christmas bonuses (ranging from $5.00 to $40.00) to fifteen of its employees should be enforced.

The Trial Examiner found that the petitioner had violated Sections 8(a) (1), (3) and (5) of the National Labor Relations Act, as amended, 61 Stat. 136, 73 Stat. 519, 29 U.S.C. § 151 et seq., by

unilaterally discontinuing the payment of Christmas bonuses, in 1965, to employees in the collective bargaining unit. His recommended order required the petitioner to negotiate with the employees for the payment of the bonuses. He did not, however, specifically require that the employees be reimbursed for their monetary loss, giving as his reason: "The computation of the bonus would be difficult, if not impossible, and the petitioner had not committed other unfair labor practices, including other refusals to bargain."

The General Counsel excepted to the Trial Examiner's decision insofar as it failed to require the petitioner to make restitution of the 1965 bonus.

No exceptions to the Trial Examiner's decision were made by the petitioner. It urged the Board to sustain the Examiner's decision.

The Board adopted the recommended order of the Trial Examiner, but modified it so as to require the petitioner to pay each of its employees the amount due them under the 1965 Christmas Bonus Plan. The amount of the bonus was "to be determined by a formula, as near as can be ascertained, used in making bonus payments in previous years with interest at six per cent."

The petitioner requests this Court to modify the Board's order to comport with the recommended order of the Trial Examiner, urging in support of his position the reasons advanced by the Trial Examiner. He also reasserts the position urged before the Trial Examiner, i. e., that he did not commit an unfair labor practice by failing to pay the employees a Christmas bonus, citing as authority N.L.R.B. v. Nash-Finch Co., 211 F.2d 622, 45 A.L.R.2d 683 (8th Cir. 1954).

■ The petitioner is precluded by Section 10(e) of the Act from obtaining judicial review of the Board's unfair labor practice findings. Marshall Field & Co. v. N.L.R.B., 318 U.S. 253, 63 S.Ct. 585, 87 L.Ed. 744 (1943); N.L.R.B. v. International Union of Operating Eng.,

Local 66, 357 F.2d 841, 844 (3rd Cir. 1966). See also Rules and Regulations, Series 8, as amended, 29 C.F.R. Part 102, Sections 102.46 and 102.48(a). It is, therefore, unnecessary for us to consider the contention that the Board erred in finding that he had committed the indicated unfair labor practices.

■ We are thus faced with the sole question of whether the Board abused its remedial authority by requiring the petitioner to pay its employees the Christmas bonus unlawfully withheld in 1965. We do not feel that the record indicates such abuse. Nor are we persuaded that the reasons advanced by the Trial Examiner, and urged here by the petitioner, are valid. As the Board pointed out in its decision, "The fact that other violations were not committed is hardly a reason for failing to remedy those that were." Nor do we believe that the difficulty in computing the precise amount due each employee is a substantial reason for modifying the Board's order. See N.L.R.B. v. Brown & Root, 311 F.2d 447, 453 (8th Cir. 1963); N.L.R.B. v. Ozark Hardwood Co., 282 F.2d 1, 7 (8th Cir. 1960); N.L.R.B. v. Kartarik, Inc., 227 F.2d 190, 193 (8th Cir. 1955).

■ As Judge Johnsen pointed out in *Kartarik*, supra at 192–193, the only question is whether the Board can fairly arrive at the loss, and such determination on the part of the Board may not judicially be required to rest upon any greater degree of certainty as to amount than that applicable to the contract or statutory breaches generally. He went on to state:

"That degree of certainty may appropriately be recalled. 'There is a clear distinction between the measure of proof necessary to establish the fact that [a party] sustained some damage and the measure of proof necessary to enable [a tribunal] to fix the amount.' Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 562, 51 S.Ct. 248, 250, 75 L.Ed. 544. 'Certainty in the fact of damage is essential. Certainty as to the amount goes no further than to require a basis

for a reasoned conclusion.' Palmer v. Connecticut Ry. & Lighting Co., 311 U.S. 544, 561, 61 S.Ct. 379, 385, 85 L. Ed. 336. These principles are, of course, intended to permit a solution of the problem of amount to be made upon any range of facts, circumstances or reasonable inferences, which afford a rational basis for a conclusion." Ibid.

The record shows the amount of the bonus paid to each employee in 1962, 1963, 1964 and the Christmas bonuses paid to non-union employees in 1965. While the Company president exercised some discretion in the amount of bonus that each employee would receive, this objective element was taken into consideration by the Board by leaving to the parties the initial responsibility of determining the precise amount due each employee in accordance with the Company's past practice. We cannot believe that the parties will find any practical difficulties in arriving at the amount due each party. If they do, the Board's order provides that a determination can be made in the back-pay proceeding. See N.L.R.B. v. Plastilite Corporation, 8th Cir., Mar. 30, 1967, 375 F.2d 343.

We turn finally to a matter not raised in the briefs but discussed at oral argument.

 The collective bargaining agreement between the Company and the Union established a procedure for handling grievances and provided that unresolved grievances would be submitted to arbitration. While this Court has held that the grievances-arbitration route is not exclusive and does not eliminate the Board's jurisdiction of an unfair labor practice charge, N.L.R.B. v. Huttig Sash & Door Co., Inc., 8th Cir., May 31, 1967, 377 F.2d 964; see N.L.R.B. v. C & C Plywood Corp., 385 U.S. 421, 87 S.Ct. 559, 17 L. Ed.2d 486 (1967); N.L.R.B. v. Acme Industrial Co., 385 U.S. 432, 87 S.Ct. 565, 17 L.Ed.2d 495 (1967), free collective bargaining would be encouraged if the parties to such a labor agreement would make use of the arbitration machinery before resorting to the Board, and if dis-

cretion were exercised in issuing complaints where the parties had failed to use the machinery they had established. See Raley's, Inc. v. N.L.R.B., 143 N.L.R.B. 256 (53 L.R.R.M. 1347) (1963); Spielberg Manufacturing Co. v. N.L.R.B., 112 N.L.R.B. 1080 (36 L.R.R.M. 1152) (1955).

The Board's order will be enforced.