The BEACON JOURNAL PUBLISHING CO., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 17973.

United States Court of Appeals
Sixth Circuit.

Sept. 9, 1968.

---

Charles R. Iden, Akron, Ohio, for petitioner, C. Blake McDowell, Jr., Akron, Ohio, on brief.

John E. Nevins, N. L. R. B., Washington, D. C., for respondent, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul J. Spielberg, Atty., N. L. R. B., Washington, D. C., on brief.

Before WEICK, Chief Judge, EDWARDS and COMBS, Circuit Judges.

PER CURIAM.

The Beacon Journal Publishing Company (owner of the Akron Beacon Journal) seeks to review an order of the NLRB; and the Board in turn petitions for enforcement of its order. The Board after hearing found section 8(a) (1) and (5) violations of the National Labor Relations Act [1] in the fact that the Beacon Journal changed the basis for payment of its 1965 Christmas employee bonus without prior notice to or any bargaining with its eight unions. The Board order requires bargaining on demand, and it requires the Beacon Journal to pay the difference (plus interest) between what would have been paid in 1965 under the prior formula and what actually was paid.

The record made before the trial examiner indicates that the Beacon Journal had for twenty years followed the practice of paying two weeks' salary (at the then established rate) as a Christmas bonus. In paying the 1965 bonus, however, the Beacon Journal paid two weeks' pay at the 1964 rate, thereby triggering this controversy.

■■ The Beacon Journal contends that it has always regarded the bonus as voluntary and purely discretionary with management and had repeatedly said so in paying it. There is nothing in this record to dispute this as a management view. But it appears to be settled labor relations law that a regularly paid bonus may come to be relied upon by employees as a part of total compensation. NLRB v. United States Air Conditioning Corp., 336 F.2d 275 (6th Cir. 1964); NLRB v. Niles-Bement-Pond Co., 199 F.2d 713 (2d Cir. 1952). Such a bonus is a mandatory subject for collective bargaining under the NLRA. NLRB v. Electric Steam Radiator Corp., 321 F.2d 733 (6th Cir. 1963); NLRB v. Niles-Bement-Pond Co., supra.

■ The Beacon Journal also contended that the unions concerned "waived" any collective bargaining rights they otherwise might have had relative to the bonus. We have reviewed the record and find substantial support for the Board's conclusion that there had been no "clear and unmistakable" relinquishment of

1. 29 U.S.C. § 158(a) (1), (5) (1964).

bargaining rights as to this subject. Timken Roller Bearing Co. v. NLRB, 325 F.2d 746, 751, 2 A.L.R.3d 868 (6th Cir. 1963), cert. denied, 376 U.S. 971, 84 S.Ct. 1135, 12 L.Ed.2d 85 (1964).

The Board order, however, not only orders bargaining on demand as to this issue but also orders reimbursement for the year 1965 as to the difference between the two formulas cited above.

 This record demonstrates a long-standing collective bargaining relationship (where this subject had not been insisted upon). There is no claim of discriminatory purpose or antiunion animus. And the good-faith reliance of the Beacon Journal upon the voluntary character of the bonus is not disputed, however erroneous it may have been as a matter of law. Further, under the Board's proposed order the unions are free to bargain for the unpaid portion of the 1965 bonus.

Under similar circumstances NLRA enforcement orders requiring reimbursement have been denied. General Telephone Co. of Florida v. NLRB, 337 F.2d 452 (5th Cir. 1964); NLRB v. Citizens Hotel Co., 326 F.2d 501 (5th Cir. 1964); New Orleans Board of Trade, Ltd., 152 N.L.R.B. 1258 (1965).

 We do not disagree with those courts which have held that broad remedial powers (including reimbursement orders in somewhat similar circumstances) have been vested by Congress in the special expertise of the NLRB. Leeds & Northrup Co. v. NLRB, 391 F.2d 874 (3d Cir. 1968); American Fire Apparatus Co. v. NLRB, 380 F.2d 1005 (8th Cir. 1967); NLRB v. Central Illinois Public Service Co., 324 F.2d 916 (7th Cir. 1963).

But these broad powers were originally given to the Board to aid in effectuating a national legislative policy of encouraging collective bargaining, rather than to assist it in adjudicating relatively minor disputes between parties with a settled and amicable collective bargaining relationship.

Dealing with a fact situation very close to that presented by the instant case, the Board recently said:

"[R]estitution is not an automatic or inflexible remedy to be imposed whenever the employer's unlawful unilateral action has resulted in a detriment to the employees. The unilateral change was a failure of the Respondent, acting in a good-faith but mistaken belief of what the law required, to discuss the single question of discontinuance of the yearend bonus with the Union before taking any action. The record discloses no other unfair labor practice or other failure or refusal of Respondent to bargain with the Union." New Orleans Board of Trade, Ltd., 152 N.L.R.B. 1258 (1965).

The Board does not point to any facts which distinguish the reimbursement order involved herein from that involved in the *New Orleans Board of Trade* case. Nor does the Board tell us why this reimbursement claim should not be the subject of collective bargaining between the parties.

Paragraph 2b is remanded to the NLRB for further consideration in the light of this opinion. Enforcement is granted as to the balance of the Board's order.