The **BEACON JOURNAL PUBLISHING CO.**, Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD**, Respondent.

No. 19264.

United States Court of Appeals
Sixth Circuit.

Oct. 28, 1969.

Robert S. Carabell, Akron, Ohio, for petitioner; Brouse, McDowell, May & Bierce, Charles R. Iden and Robert S. Carabell, Akron, Ohio, on brief.

Paul J. Spielberg, Atty., N.L.R.B., Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., on brief.

Before CELEBREZZE, PECK, and McCREE, Circuit Judges:

PER CURIAM.

This case is before us a second time. Again Beacon Journal is seeking review, and the National Labor Relations Board is cross-petitioning for enforcement of an order of the Board. On September 9, 1968, another panel of this court agreed with the Board that Beacon Journal violated Sections 8(a) (5) and 8(a) (1) of the National Labor Relations Act by unilaterally altering the formula used to calculate Christmas bonuses in 1965. Beacon Journal Pub. Co. v. NLRB, 401 F.2d 366. The court enforced the Board's order, 164 N.L.R.B. No. 98 (1967), insofar as it required the parties to bargain on demand over the Christmas bonus formula for 1965 and later years, and we are aware of no complaint that the parties have not thereafter bargained and reached agreement regarding Christmas bonuses for 1966 and later years.

However, observing the long-standing satisfactory collective bargaining rela-

tionship between the parties, as found by the trial examiner and the Board, and the absence of any claim of discriminatory purpose or anti-union animus on the part of Beacon Journal, the court remanded to the Board for further consideration that portion of its order requiring reimbursement for the difference between the bonus that was paid in 1965 and that which would have been paid under the previous formula.

■ This court's original decision found two omissions in the Board's first order. It recited:

The Board does not point to any facts which distinguish the reimbursement order involved herein from that involved in the New Orleans Board of Trade case [152 N.L.R.B. 1258 (1965)]. Nor does the Board tell us why this reimbursement claim should not be the subject of collective bargaining between the parties. 401 F.2d at 368.

The Board's supplemental decision and order, 173 N.L.R.B. No. 181 (1969), which we consider here, does articulate certain factual differences between this case and *New Orleans Board of Trade,* but it does not sufficiently explain why the reimbursement claim should not be the subject of collective bargaining, in light of the parties' long satisfactory bargaining history. Instead, the Board simply makes the conclusory statement that "the denial of a reimbursement order would serve to penalize the unit employees and reward Respondent [Beacon Journal] for its unlawful act."

■ Although we recognize the Board's wide discretion in fashioning remedies, we believe that the imposition of a remedy like reimbursement, on the facts presented in this case, should not be automatic,[1] especially since one of the main purposes of our labor laws is to

---

1. *Cf.* NLRB v. Gissel Packing Co., 395 U.S. 575, 610–616, 89 S.Ct. 1918, 23 L. Ed.2d 547 (1969), where, in representation cases, the drastic remedy of a bargaining order rather than the Congressionally favored remedy of an election is deemed appropriate only when it is determined that the laboratory conditions required for an election cannot be assured because of unfair labor practices committed by an employer.

promote the settlement of disputes by agreement between the parties rather than by Government ukase.

Moreover, the circumstances here require the Board to articulate clearly the reasons for its choice of a remedy. *See* Beck v. SEC, 413 F.2d 832 (6th Cir. 1969). In response to this court's remand, the Board failed to do so in its supplemental decision and order.[2]

Therefore, we deny enforcement of the supplemental order of the Board.

2. We intimate no opinion about the sufficiency of any of the explications of the reasons for the choice of remedy con-

tained in the Board's brief, none of which were stated in its decision and order.