**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Irving N. ROTHKIN d/b/a Irv's Market, Respondent.**

**No. 73–1068.**

United States Court of Appeals, Sixth Circuit.

March 12, 1973.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Philip Fusco, Director, Region 8, N. L. R. B., Cleveland, Ohio, for petitioner.

John A. Daily, Schwab, Sager, Grosenbaugh, Rothal, Fort, Skidmore & Nukes, Akron, Ohio, for respondent.

ORDER

This action is before the Court on the petitioner's motion for summary affirmance. In Irving N. Rothkin d/b/a Irv's Market and Retail Clerks International Ass'n., Local No. 698, AFL–CIO, 188 N.L.R.B. No. 35 (1971), the National Labor Relations Board determined that the respondent had violated Sec. 8(a)(3) of the National Labor Relations Act by discriminatorily discharging an employee, Joan Graham. This action of the National Labor Relations Board was ordered to be enforced by this Court on June 16, 1971. On October 30, 1972, the National Labor Relations Board entered a supplemental order directing the respondent to pay Joan Graham the sum of $869.50 plus interest at the rate of 6% per annum for back pay. The Board also ordered the respondent to pay Joan Graham additional sums for back pay for a period commencing April 12, 1972, until such time as the respondent offered to reinstate Joan Graham to her former or equivalent position. The Board filed its application for enforcement of this order on January 22, 1973. The respondent filed its reply on February 8, 1973. The Board's motion for summary affirmance was filed on February 7, 1973.

In the original order the Board determined that Joan Graham was discharged on or about December 20, 1969. At the supplemental hearing the respondent introduced time cards that showed that Joan Graham worked until January 21, 1970. The administrative law judge at the supplemental hearing determined that the back pay award should begin on the latter date. The Board now seeks enforcement of this order.

The respondent contends that the back pay award was improper because Joan Graham's continued employment after December 20, 1969 constitutes a satisfaction of the Board's order and that there must be another proceeding to determine whether her discharge on Janu-

ary 21, 1969 was a Section 8(a)(3) violation. The Board urges that this is merely an attempt to relitigate the inital 8(a)(3) violation. This is prohibited under N. L. R. B. v. United States Air Conditioning Corp., 336 F.2d 275 (6th Cir. 1964).

We have considered the arguments and it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. The motion of the National Labor Relations Board is granted. Accordingly, the order of the National Labor Relations Board will be enforced. It is so ordered.