**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CAST–A–STONE PRODUCTS COMPANY, Respondent.**

No. 72–2228.

United States Court of Appeals,
Fourth Circuit.

Argued March 8, 1973.

Decided May 30, 1973.

Albert V. Bryan, Senior Circuit Judge, dissented and filed an opinion.

John F. Depenbrock, Atty., N. L. R. B. (Peter G. Nash, Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel and Elliott Moore, Deputy Asst. Gen. Counsel, N. L. R. B., on brief) for petitioner.

J. W. Alexander, Jr., Charlotte, N. C. (Alexander Copeland, III, Blakeney, Alexander & Machen, Charlotte, N. C., on brief), for respondent.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

The Board seeks enforcement of its order based upon its finding that the employer committed an unfair labor practice when it discharged Raymond Leasure. Before the trial examiner, the issues had been whether the employee was a supervisor and hence beyond the Act's protection in the matter of discharge, and whether the discharge was illegal because it resulted from Leasure's protected union activity. The trial examiner found that the employee was a supervisor, but that he had been dis-

charged for protected union activity; accordingly, he recommended dismissal of the complaint. The government excepted to the finding that the employee was a supervisor. The employer, however, filed no exception to the finding that the employee was discharged for a proscribed reason. The Board, with one member dissenting, reversed the finding that the employee was a supervisor. Since the employer had not excepted to the trial examiner's finding that the employee had been discharged for unacceptable reasons, it adopted this finding without independent scrutiny and ordered the employee's reinstatement. 19 N.L.R.B. No. 66.

■ We find no merit in the employer's contention that the record as a whole is devoid of substantial evidence to support the Board's finding that Leasure was an employee, rather than a supervisor. It follows that the employer violated § 8(a)(3) and (1) of the Act by discharging him because of his union activity, unless the Board's finding with regard to the reason for his discharge is vulnerable. We conclude, however, that that issue is not before us.

■ We turn to the specifics of what transpired. The trial examiner found that Leasure was a supervisor and recommended dismissal of the complaint charging an unfair labor practice in his discharge. But the trial examiner also found that the employer "discharged Leasure solely on the basis that he had been in contact with a labor organization and because of its concern that this might lead to an attempt to organize its employees." When general counsel filed exceptions to the finding that Leasure

was a supervisor, the employer had the right, which it failed to exercise, to file "cross-exceptions to any portion of the trial examiner's decision, together with a supporting brief . . ." 29 C.F.R. § 102.46(e). The right was exercisable "within 10 days, or such further period as the Board may allow, from the last date on which exceptions and any supporting brief" may have been filed by general counsel. *Id.* By the Board's rules, a matter not excepted to was not before the Board and the employer's omission constituted a waiver of the contention it elected not to assert. 29 C.F.R. §§ 102.46(b) and 102.48(a). When the Board reversed the trial examiner's decision with respect to Leasure's status, it did not consider the rest of the trial examiner's decision, and the finding that Leasure was discharged for union activity became the law of the case.

In United States v. Tucker Truck Lines, Inc., 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952), the general principle that administrative decisions should not be overturned "unless the administrative body not only erred but has erred against objection made at the time appropriate under its practice," was stated. Section 10(e) of the Act, 29 U.S.C.A. § 160(e), specifically codifies that "[n]o objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." We find no extraordinary circumstances here,* and we therefore conclude that the employer cannot obtain review of the portions of the trial examiner's report unfavorable to it which was adopted by the Board

---

* Notwithstanding our dissenting brother's strong characterizations to the contrary, we view the case no differently from many which come before us on appeal from a district court where the district court has decided all issues—a desirable practice to avoid unnecessary retrial—even though decision of the first may be dispositive of the litigation. A patent case, in which the district court has decided both that a patent is invalid, but if valid was infringed, is a good example. If plaintiff appeals the issue of validity of the patent but defendant fails to appeal the finding of infringement, and if we conclude that the patent is valid, ordinarily we would not consider the issue of infringement so that the district court's decision on that issue would be final. So here, we think it good practice for the trial examiner to decide all issues, but we think it unnecessary for the Board to pass on any issue to which the parties do not except.

and to which it failed to file cross-exceptions within the time permitted by the regulations. American Fire Apparatus Co. v. N. L. R. B., 380 F.2d 1005, 1006 (8 Cir. 1967) supports our view. See also N. L. R. B. v. Midwestern Manufacturing Co., 388 F.2d 251, 253 (10 Cir. 1968); N. L. R. B. v. Gold Spot Dairy, Inc., 417 F.2d 761, 762 (10 Cir. 1969); N. L. R. B. v. Douglas & Lomason Co., 443 F.2d 291, 293 (8 Cir. 1971). The cases relied on by the employer, except one, all arose before the Board's regulations permitted the filing of cross-exceptions by a prevailing party and were decided on the basis of that lack. We deem them inapposite. N. L. R. B. v. Local 282, International Bro. of Teamsters, etc., 412 F.2d 334 (2 Cir. 1969), seemingly to the contrary, relies on authorities superseded by a change in the Board's regulation without adverting to either the basis for the earlier decisions or the change in the Board's rules. We cannot read it as a controlling authority.

Enforcement granted.

ALBERT V. BRYAN, Senior Circuit Judge (dissenting):

With the dissenting member of the National Labor Relations Board and with the Trial Examiner, I think the dischargee, Raymond Leasure, was a supervisor within the meaning of Section 2(11) of the Act, and thus not within the employee protection of the Act's Sections 8(a)(1) and (3).

At all events, when the Examiner reached this conclusion—at the same time recommending that the complaint be dismissed—the employer had won the case. Nevertheless, the Board and the majority of the Court penalize the employer for not taking an exception to the Examiner's report. For me this is wholly without justification.

The penalty imposed is the refusal of the Board, and now the Court, to allow the employer even to be heard on the soundness of a hypothetical finding of the Examiner which the Board adopted as its finding. The finding second-guessed that if the Examiner was wrong about Leasure's supervisor status, and if Leasure was only an employee, then as an employee, Leasure had been discharged for union activities. But the Examiner declined to *decide* that Leasure was an employee and explicitly concluded that "Respondent's discharge of Raymond V. Leasure did not violate the Act". Having prevailed in the case, the employer was not compelled to except.

Truth is no exception could logically have been interposed by the employer to the Examiner's report. Until the Board overruled the Examiner's finding of Leasure's supervisor capacity, there was no decision adverse to the employer. Obviously, too, the employer had no opportunity to except to the adjudication that Leasure had been unwarrantably discharged. Until the Board's ruling, the employer had no reason or ground for exception. Until then the employer had won and could not at that time have disagreed with the Examiner's report.

I cannot conceive how any obligation to file an exception was put upon the employer by the General Counsel's exception to the Examiner's failure to make the Examiner's speculative finding the Examiner's decision. For this requirement, the Court cites a Board rule to the effect that, when General Counsel files exceptions to "any portion of the trial examiner's *decision*", the employer may (not must) file cross-exceptions. (Accent added). The employer's omission to do so constitutes, it is said, a waiver of its right to contest the Board's finding of the reasons for Leasure's discharge.

It is unbelievable that this rule embraces a hypothetical decision. Surely an exception runs only to a decision, not to the pondering or reflection of the judicial officer upon what should be his final decision. It is particularly noteworthy that the Examiner made no "decision" on the asserted employee-violation. That he made no such decision is conclusively demonstrated by his basing his recommendation of dismissal

solely upon the supervisor issue. *That* was his decision; his meditation upon what it might have been was not a decision.

Finally, at least, the circumstances were extraordinary, and, for that reason, the Board and the Court should not enforce any such rule as the Board now asserts, for the statute, 29 U.S.C.A. § 160(e) cited by the Court, excuses the failure of the employer in such circumstances to urge an objection "before the Board, its member, agent or agency".

With deference, I conclude that the Board's order should not be enforced because of the Board's refusal to hear the employer on the reason for Leasure's discharge.