## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## NELLO PISTORESI & SON, INC. (S & D Trucking Co., Inc.), Respondent.

No. 73–2253.

United States Court of Appeals, Ninth Circuit.

July 1, 1974.

Elliott Moore, Acting Asst. Gen. Counsel, NLRB, Washington, D. C., Charles M. Henderson, Director, Region 19, NLRB, Seattle, Wash., for petitioner.

Wesley M. Wilson, Yakima, Wash., for respondent.

Before HUFSTEDLER and GOODWIN, Circuit Judges, and SKOPIL,* District Judge.

## OPINION

ALFRED T. GOODWIN, Circuit Judge:

The National Labor Relations Board seeks enforcement of its order against Nello Pistoresi and Son, Inc., reported at 203 N.L.R.B. No. 108, 83 L.R.R.M. 1212 (1973).

Reversing the administrative-law judge, a divided panel of the Board held that, by unilaterally discontinuing its Christmas bonus in 1971, Pistoresi violated sections 8(a)(5) and 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) and (1). Because the Board's finding that the bonuses were wages, hours, or other terms and conditions of employment is not supported by substantial evidence, enforcement of its order is denied.

▇▇▇▇ An employer violates sections 8(a)(5) and 8(a)(1) of the Act when he unilaterally alters "wages, hours, and other terms and conditions of employment," National Labor Relations Act § 8(d), 29 U.S.C. § 158(d), without first consulting and negotiating with the bargaining representative of his employees. NLRB v. Katz, 369 U.S. 736, 742–743, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962); American Smelting & Refining Co. v. NLRB, 406 F.2d 552 (9th Cir.), cert. de-

nied, 395 U.S. 935, 89 S.Ct. 1998, 23 L. Ed.2d 450 (1969). Bonuses such as the one here at issue are considered wages if they are of such a fixed nature and have been paid over a sufficient length of time to have become a reasonable expectation of the employees and, therefore, part of their anticipated remuneration. Century Electric Motor Co. v. NLRB, 447 F.2d 10, 14 (8th Cir. 1971); NLRB v. Harrah's Club, 403 F.2d 865, 874 (9th Cir. 1968); Beacon-Journal Publishing Co. v. NLRB, 401 F.2d 366, 367 (6th Cir. 1968); NLRB v. Wonder State Mfg. Co., 344 F.2d 210, 213 (8th Cir. 1965); NLRB v. Niles-Bement-Pond Co., 199 F.2d 713, 714 (2nd Cir. 1952).

Pistoresi has been operating a livestock-hauling business since 1958, employing approximately 25 employees on a fluctuating basis. Pistoresi has paid Christmas bonuses only twice: in 1969, and in 1970. The amounts of these bonuses were determined entirely by Pistoresi's operations manager and ranged from $25.00 to $150.00. The manager testified that he fixed the bonuses by considering each employee's customer relations and performance as a representative of the company, his diligence, and, to some extent, his seniority. There was no evidence that the amount of a bonus was in any way tied to the size of an employee's salary.

In 1971 Pistoresi failed to pay any bonus because it was negotiating with the union and had made an offer of a 5½ percent wage increase. It reasonably believed that payment also of a bonus might have been a violation of the wage-price controls then in effect. Moreover, Pistoresi was somewhat dissatisfied with general employee performance during the year.

The administrative-law judge held that since Christmas bonuses had been paid for only two years and followed no formula they had not become part of the compensation structure so as to re-

---

* The Honorable Otto R. Skopil, United States District Judge for the District of Oregon.

quire bargaining over their discontinuance. Therefore, he recommended dismissing the complaint. However, a panel of the Board, over the dissent of Member Kennedy, held that payment over a two-year period was sufficient to make the matter bargainable. The Board ordered Pistoresi to cease and desist from refusing to bargain with the union by unilaterally changing terms and conditions of employment and to make the employees whole for monetary losses suffered by reason of the termination of the 1971 bonuses.

This Court is bound to accept the Board's findings unless they are not supported by substantial evidence in the record taken as a whole. Universal Camera Corp. v. NLRB, 340 U.S. 474, 477–491, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Here, however, because of the short history and indefinite nature of the bonuses, we conclude that the Board's finding that the bonuses constituted wages, the discontinuance of which must be bargained with the union, is not supported by substantial evidence. See NLRB v. Wonder State Mfg. Co., 344 F.2d at 212–214 in which the Court of Appeals for the Eighth Circuit denied enforcement of a Board order under similar circumstances.

NLRB v. Harrah's Club, *supra*, in which we held that there was substantial evidence to support the Board's finding that the unilateral discontinuance of "tokes" or tips paid to stage technicians constituted an unfair labor practice, is clearly distinguishable on its facts from this case. In that case there was evidence that tokes had been customarily received by stage technicians in amounts in excess of $300.00 per year, that toking was general practice in the entertainment business, and that the termination of tokes was in retribution for union activities.

NLRB v. Progress Bulletin Publishing Co., 443 F.2d 1369 (9th Cir. 1971), is similarly distinguishable. There, Christmas bonuses had been paid regularly for 20 of the previous 21 years, and bonus amounts varied with the seniority of the employees. See 182 N.L.R.B. 904, 905–07 (1970).

Enforcement of the Board's order is denied.