**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SWEDISH HOSPITAL MEDICAL CENTER, Respondent.**

No. 78–3471.

United States Court of Appeals, Ninth Circuit.

May 14, 1980.

Ruah Lahey, Washington, D. C., argued, Elliott Moore, N.L.R.B., Washington, D. C., on brief, for petitioner.

William W. Treverton, Bellevue, Wash., argued, for respondent.

PETITION TO REVIEW A DECISION OF THE NATIONAL LABOR RELATIONS BOARD

Argued and Submitted February 11, 1980

Before DUNIWAY, THORNBERRY * and FARRIS, Circuit Judges:

FARRIS, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its order against Swedish Hospital Medical Center based upon the Board's finding that the hospital committed an unfair labor practice in violation of Sections 8(a)(1), 8(a)(3), and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), (3), and (5), when it granted one day vacations to nonstrikers but refused to grant the vacation to strikers. The hospital argues that its action was not unlawful because the vacation 1) had a minimal impact upon its employees' right to strike, 2) was prompted by a legitimate business interest, and 3) was a gift and not a term or condition of employment. We enforce the Board's order.

## BACKGROUND

On July 12, 1976 the bargaining representative of the Swedish Hospital Medical Center's registered nurses, the Washington State Nurses Association, called a strike because it was unable to negotiate a collective bargaining agreement with the hospital. Of the hospital's 447 registered nurses, 47 chose not to strike. During August and September, 11 of the striking nurses returned to work and 14 new nurses were hired. On September 17 an agreement was reached and the strike ended. On October 13 the hospital granted a "compensatory day off" to all nurses who either did not strike, abandoned the strike or were hired during the strike. None of the 379 nurses who continued the strike received a day off.

The Board concluded that the hospital's action 1) interfered with the nurses' right to strike in violation of Section 8(a)(1) of the N.L.R.A., 2) discriminated against the striking nurses in violation of Section 8(a)(3), and 3) established a compensatory holiday without notifying the nurses' union in violation of Section 8(a)(5).

## DISCUSSION

I. *Section 8(a)(1).*

 Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), declares it an unfair labor practice for an employer to interfere with rights guaranteed by Section 7 of the Act. One of the rights guaranteed is the right to strike. *NLRB v. Erie Resistor Corp.,* 373 U.S. 221, 233, 83 S.Ct. 1139, 1148, 10 L.Ed.2d 308 (1963). The hospital argues that its action had a nominal effect on its employees' right to strike and was prompted by a desire to compensate the nonstrikers for the added responsibilities they assumed during the strike. The record does not support this contention.

The grant of a one day vacation is not so insignificant that the nurses will not reflect upon participating in future strikes. Similar benefits granted to union members who

* Senior Judge for the Fifth Circuit.

have chosen not to strike have been held to unlawfully interfere with the right of those employees to strike in the future. *NLRB v. Great Dane Trailers, Inc.*, 388 U.S. 26, 87 S.Ct. 1792, 18 L.Ed.2d 1027 (1967) (grant of vacation benefits to only nonstrikers violated Section 8(a)(1)); *NLRB v. Erie Resistor Corp., supra,* (grant of super seniority to only nonstrikers violated Section 8(a)(1)); *NLRB v. Rubatex Corp.*, 601 F.2d 147 (4th Cir. 1979) ($25 to $100 payments to only nonstrikers violated Section 8(a)(1)).

Swedish Hospital contends that it was necessary to compensate the nonstrikers for the added burdens placed upon the nurses during the strike. This contention is suspect because the vacation was granted to all nonstriking nurses including many who started work less than one week before the strike ended. Moreover, any such justification, even if legitimate, would be insufficient to outweigh the employees' interest in uninhibited strike activity. *NLRB v. Rubatex Corp., supra. See also NLRB v. Erie Resistor Corp., supra* 373 U.S. at 236–37, 83 S.Ct. at 1149–50.

In *NLRB v. Electro Vector, Inc.*, 539 F.2d 35 (9th Cir. 1976), the employer was charged with violating Sections 8(a)(3) and 8(a)(1) because it had granted a bonus for work previously performed to nonstriking workers, strikers who had returned to work, and replacements for strikers, but not to employees who struck. Only persons who worked two dates, the end of the fiscal year, September 30, and the payment date, November 27, got the bonus. Both dates occurred during the strike, which had begun on May 2. The Board held that the employer's action violated Sections 8(a)(3) and 8(a)(1). We denied enforcement of the Board's order.

This case is different. Any violation of Section 8(a)(3) or 8(a)(5) necessarily includes a derivative violation of Section 8(a)(1). *See e. g. Standard Oil Company of California v. NLRB*, 399 F.2d 639, 642 (9th Cir. 1968). The reverse is not true. In *Electro Vector*, the Section 8(a)(1) violation found by the Board was merely a derivative of the Section 8(a)(3) violation. Our opinion reflects that the issue before the court in *Electro Vector* was whether the company violated Section 8(a)(3). Thus, once we concluded that Section 8(a)(3) had not been violated, the Section 8(a)(1) violation necessarily was unfounded. Except for the statement of facts, the *Electro Vector* opinion does not mention Section 8(a)(1) and the opinion does not undertake a Section 8(a)(1) analysis. Because the Board made no independent finding that Section 8(a)(1) had been violated, the court's action was proper.

In *NLRB v. Nello Pistoresi & Son, Inc.*, 500 F.2d 399 (9th Cir. 1974), the Board had found that the employer violated Sections 8(a)(1) and 8(a)(5) when it unilaterally discontinued giving Christmas bonuses. There, as in *Electro Vector*, we declined to enforce the Board's order because the bonus involved was not a term or condition of employment. The Section 8(a)(1) violation in *Nello Pistoresi* was derivative as was the 8(a)(1) charged in *Electro Vector*. Thus *Nello Pistoresi*, which was cited and followed in *Electro Vector*, does not govern our disposition of the Section 8(a)(1) charge that is involved here.

## II. *Sections 8(a)(3) and 8(a)(5)*

Because the Board's finding that the hospital violated Section 8(a)(1) is supported by the evidence, and is sufficient to support our decision to enforce the Board's order, we need not pass on the validity of the Board's finding that the hospital violated Sections 8(a)(3) and 8(a)(5). We express no opinion on those matters.

Enforced.