**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ELLIS AND WATTS PRODUCTS, INC., Respondent.**

**No. 14565.**

United States Court of Appeals
Sixth Circuit.

Jan. 15, 1962.

Rosanna Blake, Washington, D. C. (Stuart Rothman, Dominick L. Manoli, Marcel Mallet-Prevost, Samuel M. Singer, Herman I. Branse, N. L. R. B., Washington, D. C., on the brief), for petitioner.

Donald E. Calhoun, Cincinnati, Ohio, for respondent.

Before MARTIN, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

 The case is before us on petition for enforcement of the Board's order. The Board found that respondent employer had interfered with, restrained and coerced employees in their right to engage in concerted activity; that it laid off 27 of 43 production employees in order to discourage membership in the union and refused to bargain collectively with the union all in violation of Sections 8(a) (1), 8(a) (3) (1), and 8(a) (5) of the National Labor Act, as amended, 29 U.S.C.A. § 151 et seq.

The principal contention urged upon us by respondent is that the layoffs were made on account of economic reasons, i. e., its poor financial condition. This would, of course, be justification for the layoffs if it were the real reason. The employer did not take such action until after the union had requested a meeting with it for the purpose of working out a collective bargaining agreement. The union had authorization cards signed by about 95% of the employees and the employer was advised of this fact.

The Board in arriving at its decision took into account the massive nature of the layoffs, the fact that 10 new employees were hired shortly thereafter and a statement made by the president of the employer to four of the employees that "you just voted yourself out of a job." The Board had the right not only to consider the evidence, but also to draw inferences therefrom. The finding of the Board is binding on us if supported by substantial evidence. National Labor Relations Board v. Putnam Tool Co., 290 F.2d 663 (CA 6). The present case presents purely questions of fact. In our judgment, the order of the Board is supported by substantial evidence.

In considering the amounts to be paid to employees under the back pay order, we think the Board should take into account the probable duration of their employment which the financial condition and business of the employer would have justified if the layoffs had not been made. The power of the Board to order reinstatement with back pay is remedial in nature and may not be used as a fine or penalty for violation of the Act. Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; Nierotko v. Social Security Board, 149 F.2d 273 (CA 6).

Petition for enforcement granted.