**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ELLIS AND WATTS PRODUCTS, INC., Respondent.**

**No. 14565.**

United States Court of Appeals Sixth Circuit.

April 7, 1965.

Melvin H. Reifin, Atty., N. L. R. B., Washington, D. C., Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., on petition, for petitioner.

Donald E. Calhoun, Cincinnati, Ohio, for respondent.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and STARR, Senior District Judge.

O'SULLIVAN, Circuit Judge.

The matter before us is the National Labor Relations Board's petition for entry of a Supplementary Decree to enforce its award of back pay against respondent Ellis and Watts Products, Inc. By our decree in NLRB v. Ellis & Watts Products, Inc., 297 F.2d 576 (CA 6, 1962), we ordered enforcement of the Board's original order finding Ellis and Watts guilty of an unfair labor practice in discriminatorily laying off some 27 employees and requiring that they be made whole for resulting wage losses. 130 NLRB 1216. In granting enforcement of the Board's order we said,

> "In considering the amounts to be paid to employees under the back pay order, we think the Board should take into account the probable duration of their employment which the financial condition and business of the employer would have justified if the layoffs had not been made." 297 F.2d 577.

Following our decision, the Regional Director made and served a Backpay Specification to implement the Board's order and the matter was set for hearing before a Trial Examiner whose Supplemental Intermediate Report is reported with the Supplemental Decision of the Board at 143 NLRB 1269, 1272. The Board affirmed the Trial Examiner's award of back pay totaling $25,013.43, arrived at by allowing each of the discriminatees an amount equal to the sum that each would have earned at his regular wage under full, continuous employment from the date of his discriminatory layoff to the time of his recall to work, plus an allowance for overtime based on an averaging calculation. Respondent challenged the validity of the examiner's computation, asserting that despite the finding of initial discrimination, most of the discriminatees would have been validly laid off as of January 1, 1960, and were recalled as soon thereafter as respondent's normal production schedule required. Under this theory, back pay would be awarded to a discriminatee only for the period up to January 1 and for the time that work that he otherwise would have done was thereafter performed in his particular department by a newly hired employee or by one having less seniority. Respondent's method would have resulted in a total award in the neighborhood of $5,000.

■ Application of respondent's method was sought to be justified by the claim that most of the time lost by the discriminatees was due to a necessary curtailment of operations caused by loss of business and other circumstances not related to any discriminatory motives. The original decision of the Board, however, determined that at the time of the layoff in December, 1959, respondent apparently had sufficient production requirements to keep its full complement of employees at work for an extended period.[1] The Board found that,

> "the record as a whole provides an abundance of evidence showing that the layoff was not required, as Respondent contends, by economic exigencies, and that financial difficulties which it had suffered for some time were used as a pretext for a discriminatory layoff designed to discourage union activity."

It is the Board's position here that since the loss of work experienced by the discriminatees had an illegal genesis, the burden was on the respondent to prove what part, if any, of the continued loss of work was due to economic exigencies. Such has been the view of this and other courts. NLRB v. Cambria Clay Prods. Co., 215 F.2d 48, 56 (CA 6, 1954); NLRB v. Biscayne Television Corp., 337 F.2d 267 (CA 5, 1964); Nabors v. NLRB, 323 F.2d 686, 690 (CA 5, 1963), cert. denied, 376 U.S. 911, 88 S.Ct. 666, 11 L.Ed.2d 609 (1964); NLRB v. Brown & Root, Inc., 311 F.2d 447, 454 (CA 8, 1963); NLRB v. J. G. Boswell Co., 136 F.2d 585, 597 (CA 9, 1943); NLRB v. Reed & Prince Mfg. Co., 130 F.2d 765, 768 (CA 1, 1942).

To meet its burden, respondent offered evidence showing the dates of recall of the respective discriminatees and proof that with few exceptions they had not been replaced prior to those dates by workers with like skills in their respective departments; that some ten new employees were, in the main, "trainees" for field service positions; and that whatever work was scheduled during the time involved was generally accomplished without need for replacing the discriminatees prior to their actual recall. On the other hand, though it was sketchy and unclear, there was evidence that after the original layoff respondent contracted out some of the work that would have been done by those laid off and that some of respondent's production was transferred to another plant controlled by it. The Board found from this evidence that "at about the time of the layoff the Respondent subcontracted work from the Rossmoyne plant and also started production at a new plant at Williamsburg, Ohio, of items similar to those produced at Rossmoyne," and concluded that "Respondent has failed to establish that its backpay obligation terminated at any time before its actual recall of the discriminatees."

■■ Respondent is chargeable with the insufficiency of its own evidence to overcome the prima facie case made by the Board's General Counsel. Absent proof of a more reliable method, we are unable to say that the Board's formula of awarding back pay was arbitrary or unreasonable. Therefore, we are not at liberty to disturb it. NLRB v. Seven-Up Bottling Co., 344 U.S. 344, 346–47, 73 S.Ct. 287, 97 L.Ed. 377, 381–82 (1953); NLRB v. Deena Artware, 228 F.2d 871, 872 (CA 6, 1955); NLRB v. Ozark Hardwood Co., 282 F.2d 1, 7 (CA 8, 1960).

We decree enforcement of the Board's award of back pay.

1. The back pay award covered the last quarter of 1959 and the first three quarters of 1960.