NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

INTERURBAN GAS COMPANY,
Respondent.

No. 14961.

United States Court of Appeals
Sixth Circuit.

Dec. 22, 1965.

Thomas Canafax, Jr., N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Atty., N. L. R. B., Washington, D. C., on brief, for petitioner.

Charles Keller, Detroit, Mich., Leonard A. Keller, James E. Frazer, Frazer & Popkin, Detroit, Mich., on brief, for respondent.

Before PHILLIPS, Circuit Judge, CECIL, Senior Circuit Judge, and MACHROWICZ, District Judge.*

PHILLIPS, Circuit Judge.

In a previous opinion of this court, 317 F.2d 724, we granted enforcement of the order of the Board reported at 135 N.L. R.B. 604. This order, among other things, directed the reinstatement with back pay of an employee named Donald Gillingham, who was found to have been discharged because of union activities.

Respondent and the General Counsel then disagreed as to respondent's obligations under the order. Following another hearing the Board entered a supplemental

* Honorable Thaddeus M. Machrowicz, United States District Judge for the Eastern District of Michigan, sitting by designation.

order which is reported at 149 N.L.R.B. No. 57, making a back pay award in the amount of $9,846.07. The Board has petitioned for enforcement of this supplemental order.

This proceeding involves the single question of the amount of back pay. The fact that Gillingham's discharge was discriminatory has been established in the prior proceeding, and evidence challenging the legality of this discharge now avails the respondent nothing.

Respondent interposes three defenses to the award of the Board: (1) that the running of the back pay award was tolled shortly after the discriminatory discharge of Gillingham since he would have been dismissed for cause on March 16, 1961, because of information reaching the respondent as to the quality of his work; (2) that the running of the back pay award was tolled on April 10, 1961, because on that date Gillingham would have been discharged when a qualified serviceman was hired, leaving sufficient work for only two men in his category, both of whom had seniority to Gillingham; and (3) that the back pay award was tolled on June 25, 1962, because at that time Gillingham was reinstated to a substantially equivalent position under the circumstances, in compliance with the Board's order, and that he worked until August 4, 1962, at which time he was released for cause, i. e. for unsatisfactory performance and lack of work.

The Board found against respondent with respect to each of these dates and contends that its award of $9,846.07, plus a further undetermined amount which continues to run until respondent offers reinstatement, should be enforced. Respondent does not question the accuracy of this computation in event we determine that its defenses are not well taken.

The Board having established the amount of the award and the respondent having agreed that this amount is correct unless a cutoff date is applicable, the burden is placed on the respondent to establish that its liability should be re-duced and, if so, to what extent. In a similar case this court stated:

"It is the Board's position here that since the loss of work experienced by the discriminatees had an illegal genesis, the burden was on the respondent to prove what part, if any, of the continued loss of work was due to economic exigencies. Such has been the view of this and other courts." N. L. R. B. v. Ellis and Watts Products, Inc., 344 F.2d 67, 69 (C.A.6) and cases therein cited.

The Board has power under the Act to "take such affirmative action including reinstatement of employees with or without back pay, as will effectuate the policies of [the Act]," 29 U.S.C. § 160(c).

The Supreme Court on numerous occasions has passed upon the powers and duties of the Board under Section 10(c) of the Act. In Fibreboard Paper Products Corp. v. N. L. R. B., 379 U.S. 203, 217, 85 S.Ct. 398, 406, 13 L.Ed.2d 233, the Court stated:

"There is no indication * * *, that it [§ 10(c) of the Act, 29 U.S.C. § 160(c)] was designed to curtail the Board's power in fashioning remedies when the loss of employment stems directly from an unfair labor practice * * *."

In N. L. R. B. v. Seven-Up Bottling Co., 344 U.S. 344, 346, 73 S.Ct. 287, 289, 97 L.Ed. 377, the Court recognized that this section "charges the Board with the task of devising remedies to effectuate the policies of the Act," and that, "Of course the remedies must be functions of the purposes to be accomplished, and in making back pay awards the Board operates under a further limitation," i. e., "It must have regard for considerations governing the mitigation of damages; it must that is, heed 'the importance of taking fair account * * * of every socially desirable factor in the final judgment.'" In Virginia Elec. & Power Co. v. N. L. R. B., 319 U.S. 533, 540, 63 S.Ct. 1214, 1218, 87 L.Ed. 1568, the Court held that the order of the Board will not be disturbed "unless it can be shown that the order is a patent attempt to achieve

ends other than those which can fairly be said to effectuate the policies of the Act." In Phelps Dodge Corp. v. N. L. R. B., 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271, the Court held: "[T]he relation of remedy to policy is peculiarly a matter for administrative competence * * *" at p. 194, 61 S.Ct. at p. 852, and that "The remedy of back pay * * *, is entrusted to the Board's discretion; it is not mechanically compelled by the Act," at p. 198, 61 S.Ct. at p. 854.

■■ It is clear, therefore, that the general rule to the effect that the order of the Board must be enforced unless there is no substantial evidence to support the findings of fact, on the record considered as a whole, is applicable to back pay awards. N. L. R. B. v. Oman Const. Co., 338 F.2d 125, 127, cert. denied, 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684; N. L. R. B. v. United States Air Con. Corp., 336 F.2d 275, 277 (C.A.6). Thus the determination of the back pay award is a factual question, and the standard of review is the same as on other factual issues. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

■ Respondent contends that it reinstated Gillingham, a former driver-salesman, on June 25, 1962, and properly discharged him on August 4, 1962, because his work was not satisfactory. The record shows that he was assigned to cut weeds and grass and to do odd jobs of painting. The Board found that this did not constitute a good faith reinstatement to his former or a substantially equivalent position. There were sharp issues of fact on this issue, involving questions of credibility of witnesses, all of which were resolved against respondent. We cannot say that this holding is unsupported by substantial evidence on the record viewed as a whole.

■ In Lakeland Bus Lines, Inc. v. N. L. R. B., 278 F.2d 888, 892 (C.A.3), the court said: "An order directing reinstatement with back pay requires a good faith reinstatement." The rule is the same in this circuit. N. L. R. B. v.

Ellis & Watts Products, Inc., supra, 344 F.2d 67 (C.A.6); N. L. R. B. v. U. S. Air Con. Co., supra, 336 F.2d 275 (C.A. 6).

■ We have read the entire transcript of the supplemental proceedings before the Board on the issue of back pay award and hold that the findings of the Board rejecting all three of the cut-off dates relied upon by respondent are supported by substantial evidence.

Enforcement of the supplemental order of the Board is granted.