**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Charles T. REYNOLDS, Sr., doing business as Charles T. Reynolds Box Company, and Reynolds Pallet & Box Company, Respondents.**

**Nos. 15191–15192.**

United States Court of Appeals
Sixth Circuit.

July 31, 1968.

Richard S. Rodin, N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Atty., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Robert F. Wessel, Hamilton, Ohio, Richard J. Wessel, Hamilton, Ohio, on the brief), for respondents.

Before WEICK, Chief Judge, and CECIL and McALLISTER, Senior Circuit Judges.

McALLISTER, Senior Circuit Judge.

The National Labor Relations Board filed its petition for enforcement of its supplemental order issued against respondents on October 28, 1965, directing them to make an offer of reinstatement to a number of its employees, and asking for the determination of the amount of back pay due to them arising out of loss of pay suffered by reason of the respondents' discrimination against them. Prior thereto, on December 27, 1964, this Court entered a decree enforcing the Board's order in full.

During the compliance proceedings, a controversy arose over the amount of back pay due under the terms of the Board's prior order and, in appropriate proceedings, a hearing was held before the Trial Examiner for the purpose of determining the amount of such back pay. On August 13, 1965, the Trial Examiner issued his Supplemental Decision specifying the amount of back pay due and, thereafter, respondents filed exceptions thereto.

On the basis of the Supplemental Decision and the entire record, the Board, on October 25, 1965, issued an order directing that respondents, their agents, successors, and assigns, pay to the employees involved, as net back pay, amounts set forth in the back pay specification, without modifications as made by the Trial Examiner in his Supplemental Decision; and on July 17, 1967, the Board asked this Court to take jurisdiction of the proceedings, and of the questions determined therein, and make and enter upon the pleadings, testimony, and evidence, a decree enforcing in whole the Board's supplemental order, and requiring respondents to comply therewith.

Respondents, however, denied that any back pay was due to the employees in question, against whom the Board found respondents had discriminated, on the ground that they had removed themselves from the labor market and had, consequently, sustained "wilful losses."

It was after this contention had been advanced by the respondents and given due consideration, that the Trial Examiner issued his Supplemental Decision, ordering back pay to the employees, which the Board subsequently ordered respondents to pay.

■ The controlling factor in the controversy before us is, largely, the question of where the burden of proof lies. It is the rule that where the issue before the Board is the amount of an employer's liability arising out of its unfair labor practices, the burden is upon the employer to show that there is no liability, or that such liability should be mitigated. The finding of an unfair labor practice is presumptive proof that some back pay is owed. N.L.R.B. v. Mastro Plastics Corporation, 354 F.2d 170, 178 (C.A. 2). In N.L.R.B. v. Brown & Root, Inc., 311 F.2d 447, 454 (C.A. 8), it is said that "in a back pay proceeding the burden is upon the General Counsel to show the gross amounts of back pay due. When that has been done, however, the burden is upon the employer to establish facts which would negative the existence of liability to a given employee or which would mitigate that liability." N.L.R.B. v. Ellis and Watts Products, Inc., 344 F.2d 67, 69 (C.A. 6); N.L.R.B. v. Interurban Gas Company, 354 F.2d 76, 77 (C.A. 6); N. L.R.B. v. Cambria Clay Prod. Co., 215 F.2d 48, 56 (C.A. 6). The cases are unanimous that the defense of wilful loss of earnings is an affirmative defense, and that the burden is on the employer to prove the defense. N.L.R.B. v.

Mooney Aircraft, Inc., 366 F.2d 809, 813 (C.A. 5).

There were twenty-nine employees who lost their jobs through the unfair labor practices of the respondents, and who, by order of the Board, were entitled to back pay.

 Twenty-one of these employees admittedly did move back from the industrial area of Hamilton, Ohio, where they had been employed, to less industrialized communities and some rural areas in their home state of Kentucky, after they had been discharged from their jobs. One remained in the Hamilton area for six weeks trying, unsuccessfully, to get a new job; one drew thirty-nine weeks of unemployment compensation, and another, twenty-four weeks of unemployment compensation, while they lived in Hamilton, Ohio, searching for new jobs. Others remained there a week after their discharges and, finding no jobs, returned to Kentucky. Fourteen of them did find some sort of interim employment in the so-called non-industrial areas of Kentucky after their discharges. Several who left Hamilton, Ohio, immediately after being discharged, returned within days thereafter, but no jobs were available. The evidence which we have carefully reviewed with regard to these employees shows that respondents have not carried forward the burden of proving that the employees in question sustained wilful losses of employment or wages after their discharges by reason of the unfair labor practices of respondents.

It is not the duty of this Court to search through the record and dig for evidence in order to ascertain whether some part of the proof may sustain certain contentions of the respondents. Rather, it is the duty of the respondents to carry the burden of proof and to point out what evidence in the record sustains their claim, as against the presumptive proof of the Board's findings that the employees did not sustain wilful losses. Generalizations that employees do not want to work after their unlawful discharges, and return to their home area to avoid work, are not sufficient to establish respondents' case, and, since that is all that we have here, they must fail.

In accordance with the foregoing, it is decreed that the order of the National Labor Relations Board be enforced.