NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

ROBERT HAWS COMPANY, Respondent.

No. 18195.

United States Court of Appeals
Sixth Circuit.

Nov. 22, 1968.

2. E. g., any weapon, drug or contraband item forming the basis for a criminal charge of illegal possession.

Burton L. Raimi, Atty., N. L. R. B., Washington, D. C., for petitioner, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Marcel Mallet-Prevost, Assoc. Gen. Counsel, Elliott Moore, Atty., N. L. R. B., Washington, D. C., on brief.

Frank B. Vecchio, Detroit, Mich., for respondent, Milmet & Vecchio, Detroit, Mich., on brief.

Before PECK, McCREE and COMBS, Circuit Judges.

JOHN W. PECK, Circuit Judge.

The National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, seeks summary enforcement of its (unreported) remedial order of July 6, 1965, and enforcement of its October 21, 1966 order fixing backpay, reported in 161 NLRB No. 22. The respondent did not file objections to the remedial order, which was founded upon certain activities of the respondent in violation of 8(a) (1) and (3) of the Act. Since there were no exceptions presented to the Board, there are no contestable issues before this Court and the July 6, 1965 remedial order of the Board is enforced. N. L. R. B. v. Tennessee Packers, Inc., 344 F.2d 948 (6th Cir.1965); N. L. R. B. v. Globe-Wernicke Systems Co., 336 F.2d 589 (6th Cir.1964).

The respondent filed objections relative to the backpay proceedings and its contention before this Court is that the amounts found due to the discriminatees by the Board in adopting the trial examiner's decision are contrary to and unsupported by the findings of fact. The respondent did not challenge the backpay award due to Richard Marshall, one of the four unlawfully discharged employees. Objections were raised concerning the awards due to Robert Giraud, Harry Reynolds and Jerry Bowen and a dispute arose as to the amounts of backpay due these three employees.

In computing backpay awards the Board endeavors to restore the employee to the status quo he would have enjoyed if he had not been discriminately discharged. N. L. R. B. v. United States Air Conditioning Corp., 336 F.2d 275, 277 (6th Cir.1964). The general rule that the Board's order must be enforced if supported by substantial evidence on the record as a whole is applicable to backpay awards, N. L. R. B. v. Interurban Gas Co., 354 F.2d 76, 78 (6th Cir.1965), since "The remedy of back pay * * * is entrusted to the Board's

discretion; it is not mechanically compelled by the Act." Phelps Dodge Corp. v. N. L. R. B., 313 U.S. 177, 198, 61 S. Ct. 845, 854, 85 L.Ed. 1271 (1941). Turning our attention to the instant case, the Board found that Giraud's application prior to discharge for other employment which he subsequently accepted did not defeat his award for backpay. We find this determination of the Board to be supported by substantial evidence and Giraud's award should be enforced. As to the employee Reynolds, the Board also found that his right to backpay was not affected by his leaving the Detroit area and looking for employment in West Virginia and in Dayton and Columbus, Ohio. We agree with the Board and enforce its order pertaining to Reynolds since the award is supported by the record. See N. L. R. B. v. Reynolds, 399 F.2d 668 (6th Cir.1968).

The gross backpay due to Bowen is not in dispute, but since Bowen could not be found (his whereabouts are still unknown), the respondent contends that the general counsel failed to make a prima facie case and that the Board's use of the escrow procedure was unwarranted. The trial examiner made this award and directed that it be deposited in escrow, subject to the condition that when Bowen was located there would be a hearing, if the respondent requested, to consider relevant factors that might diminish the award, prior to final determination. A two-year escrow was proposed, but because more than a year had elapsed since the unfair labor practice hearing that recommended backpay to the discriminatees, the escrow was ordered for only one year. If Bowen was not found by the end of this period, the amount would be refunded with the understanding that the backpay liability of the respondent to Bowen would not be extinguished. However, both the two and the one year periods were to run from the making of the escrow deposit, and since the deposit has never been made neither period has ever started to run.

■■ It is the rule that where the employer's liability for backpay arises out of its unfair labor practices and the amount is in issue, the burden of proving damages is on the general counsel and the employer has the burden of proving facts that show no liability or that mitigate the extent of the damages. N. L. R. B. v. Miami Coca-Cola Bottling Co., 360 F.2d 569, 575 (5th Cir.1966); N. L. R. B. v. Ellis & Watts Products, Inc., 344 F.2d 67, 69 (6th Cir.1965). In the present case, the Board did make a gross backpay award, since the finding of an unfair labor practice is presumptive proof that some backpay is owed. N. L. R. B. v. Mastro Plastics Corp., 354 F.2d 170, 178 (2d Cir.1965), cert. denied, 384 U.S. 972, 86 S.Ct. 1862, 16 L. Ed.2d 682 (1966).

Because Bowen's whereabouts are unknown, neither party has had an opportunity to examine him. The respondent is therefore unable to challenge the award since it has not been able to adequately inquire of him about matters which might mitigate the amounts. Among the possible affirmative defenses open to the respondent, all of which are based upon the availability of the discriminatee, are the employee's wilful loss of earnings, *Miami Coca-Cola Bottling,* supra, the unavailability of jobs because of nondiscriminatory factors, *Mastro Plastics,* supra, and employees' interim earnings, which must be credited against the backpay award, N. L. R. B. v. Brown & Root, Inc., 311 F.2d 447 (8th Cir.1963).

■ The cases where the employees are available but fail to testify at the backpay hearing are inapposite here (see, e.g., N. L. R. B. v. Mooney Aircraft, Inc., 366 F.2d 809 (5th Cir.1966); *Brown & Root,* supra, and *Mastro Plastics,* supra), because Bowen has been unavailable to both parties since his discriminatory discharge in 1963. Based on this record, we find that the Board acted within its discretion and enforce that part of the order which made the backpay award conditional upon Bowen being located. We further find, howev-

er, that the passage of time and the unavailability of the discriminatee has rendered moot the questions concerning the escrow deposit and that such necessity therefor as may have existed at one time no longer exists. While, as the Board urges, as a matter of principle there may be continuing validity to the argument that this money should pass from the hands of a holder not entitled to it, as a matter of fact that argument is no longer realistic. In the present circumstances to order this fund turned over to an escrow agent would not only constitute a vain act but would require a cumbersome procedure. The backpay award due to Bowen is modified, but the respondent's liability to him remains unaltered.

The Board's order as to the escrow arrangement is denied enforcement; in all other respects, its enforcement is ordered.