**MARLENE INDUSTRIES CORPORA-TION et al., Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 20553.

United States Court of Appeals,
Sixth Circuit.

April 12, 1971.

Charles H. White, Nashville, Tenn., for petitioners; Cornelius, Collins, Neal, Higgins & White, Nashville, Tenn., on brief.

Baruch A. Fellner, Atty., N. L. R. B., Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore, Atty., N. L. R. B., Washington, D. C., on brief.

Before WEICK, McCREE and MILLER, Circuit Judges.

PER CURIAM.

We consider a petition for review of a supplemental order of the National Labor Relations Board issued against the petitioning companies on June 8, 1970 and the Board's cross petition for enforcement of that order. The Board's Supplemental Decision and Order are reported at 183 N.L.R.B. No. 3. In the unfair labor practice proceeding underlying the supplemental order, the Board directed the companies to reinstate 17 employees who had been discharged in violation of Sections 8(a) (1) and (3) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1) and (3), and to compensate them for any loss of pay suffered as a result of the unfair labor practices. That order, which is reported at 166 N.L.R.B. No. 58, was enforced by this court in Decaturville Sportswear Co., Inc. v. NLRB, 406 F.2d 886 (6th Cir. 1969). Following our enforcement of the reinstatement order, a hearing was conducted by a Trial Examiner to determine the amounts of back pay due to the 17 employees, and, on January 13, 1970, he issued his supplemental decision and recommended order. He found that 15 of the employees were entitled to back pay; that the earnings of 1 employee exceeded his back pay; and that the remaining employee, Letha Tyler Miller, failed to make a reasonable effort to obtain employment and was therefore ineligible to receive back pay. The Board adopted the findings, conclusions and recommendations in the Trial Examiner's supplemental decision, with one exception: it found that the employer had failed to sustain the burden of establishing that Letha Tyler Miller had wilfully incurred a loss of interim earnings during the back pay period and directed that she receive the amount of back pay claimed in the General Counsel's specification. Petitioners seek review of the back pay awards made to nine of the employees, including Miller.

■■ We observe that the scope of our review in this case is limited to a determination whether the Board has abused its discretion in fashioning its remedial order, NLRB v. J. H. Rutter-Rex Mfg. Co., Inc., 396 U.S. 258, 90 S. Ct. 417, 24 L.Ed.2d 405 (1969); NLRB v. Drapery Mfg. Co., Inc., 425 F.2d 1026, 1029 (8th Cir. 1970); and that, since the appropriate back pay periods and gross amounts due are not disputed, petitioners had the burden of proof to establish mitigating facts such as amounts earned from alternative employment, or facts which would negative liability, such as a wilful failure to accept available employment. NLRB v. Reynolds, 399 F.2d 668, 669 (6th Cir. 1969). Upon consideration of the briefs and oral arguments of counsel, and after reviewing the record concerning each of the disputed awards, we have concluded that the Board's findings are amply supported by the evidence and that the order should be enforced.

■ With regard to Miller, it is undisputed that she reported to the South Carolina State Employment Service Office every week for 22 weeks and received unemployment benefits for the maximum allowable period. During that period she was referred to only one potential employer. Further, in addition to applying in person or by telephone to two nearby employers, she made two lengthy trips, by automobile, in search of employment. In opposition to such claims made by Miller and by some of the other employees, petitioners introduced evidence which indicated that there were jobs available in the area. However, there was other evidence which indicated that there were few jobs available in the area during the period in question, and there was uncontroverted testimony that anti-union animus among the employers in the area had resulted in discrimination against the dischargees, and that two employees of the State Employment Office had stated that it would be futile to refer employees discharged for union activities to local employers. Under these circumstances the Board did not abuse its discretion in finding that Miller was reasonably diligent in seeking employment. The awards to the other dis-

chargees are even more clearly supported by the evidence and they do not require individual or extended discussion.

The petition for review is denied and the Board's order is hereby enforced.