**M RESTAURANTS, INCORPORATED d/b/a The Mandarin, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 79–7014.

United States Court of Appeals, Ninth Circuit.

May 14, 1980.

Rehearing Denied June 30, 1980.

Robert V. Magor, Severson, Werson, Berke & Melchior, San Francisco, Cal., for petitioner.

Candace Carroll, N.L.R.B., Washington, D. C., argued for respondent; Elliott Moore, Washington, D. C., on the brief.

Before DUNIWAY and HUG, Circuit Judges, and CROCKER,* District Judge.

HUG, Circuit Judge:

M Restaurants, Incorporated petitions this court for review of a supplemental order of the National Labor Relations Board awarding back pay to Billie Meng, an employee unlawfully discharged by M Restaurants. The Board cross-applies for enforcement of the order. M Restaurants contends that the Board should have reduced the back pay award on the grounds that Meng left the labor market and did not take reasonable steps to find comparable alternative employment. We enforce the Board's order.

I

The Board found that M Restaurants discharged Meng from his position as a waiter because of Meng's union activities, in violation of section 8(a)(1) & (3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) & (3). The Board ordered M Restaurants to offer reinstatement to Meng and to compensate him for lost earnings. M Restaurants entered into a stipulation with the Board that the Board's remedy could be challenged in subsequent proceedings, but that the merits of the Board's decision concerning the unfair labor practice would not be relitigated.

A hearing was held before the Administrative Law Judge ("ALJ") to allow M Restaurants to contest the amount of back pay liability. The critical evidence at the hearing was provided by Meng's testimony, which the ALJ found to be "sincere and creditable," as well as unrefuted. Meng testified that for 18 months after his discharge he was unable to find work in the geographical area of his former employment. At the end of that period, he accepted a job from his brother-in-law as a watch salesman in Taiwan. That job provided a base salary of $75 per month plus commissions on sales in excess of a specified minimum. Meng worked in Taiwan for one year before returning to the United States. He earned only the monthly base salary during that time. Meng was able to minimize his living expenses in Taiwan by staying with his parents.

M Restaurants sought to persuade the ALJ that Meng willfully incurred a loss of wages and thus forfeited his right to back pay during the period in which he remained outside of the United States. The ALJ, however, found that Meng acted reasonably in accepting the employment in Taiwan and concluded that M Restaurants had failed to carry its burden of proving grounds for reduction of its liability. The Board adopted the decision of the ALJ and ordered the payment of back pay.

II

When the Board establishes the existence of an unfair labor practice and the gross amount of back pay due, as it has in this case, the burden shifts to the discriminating employer "to prove circumstances which would limit its liability." *NLRB v. Carpenters Local 1913*, 531 F.2d 424, 426 (9th Cir. 1976). Back pay liability should be appropriately adjusted if the employer shows that the discharged employee did not use reasonable efforts to secure comparable employment, a determination that is largely

* Honorable Myron Donovan Crocker, United States District Judge for the Eastern District of California, sitting by designation.

a question of fact for the Board. *See NLRB v. Mercy Peninsula Ambulance Service*, 589 F.2d 1014, 1017–18 (9th Cir. 1979).

We reject the contention of M Restaurants that Meng's moving from the United States to Taiwan constituted a voluntary departure from the labor market, thus creating grounds for reduction of back pay liability. A discharged employee is not confined to the geographical area of former employment; he or she remains in the labor market by seeking work in any area with comparable employment opportunities. *Cf. NLRB v. Robert Haws Co.*, 403 F.2d 979, 981 (6th Cir. 1968) (discharged employee left state in search of work). Substantial evidence supports the Board's finding that Meng acted reasonably in moving temporarily to Taiwan and accepting employment there. Accordingly, we uphold the Board's back pay award.

ENFORCEMENT GRANTED.