NATIONAL LABOR RELATIONS BOARD,
Petitioner/Cross–Respondent,

v.

JOYCE WESTERN CORPORATION and Miami Springs Properties, Inc. and James H. Kinley and Son, Inc., Joint Employers, Respondents/Cross–Petitioners.

Nos. 88–5324, 88–5409.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 6, 1989.
Decided April 26, 1989.

Aileen A. Armstrong, Dep. Asso. Gen. Counsel, Robert F. Mace (argued), Barbara Atkin, Beverly Oyama, N.L.R.B., Office of the General Counsel, Washington, D.C., Emil C. Farkas, Regional Director, N.L. R.B., Cincinnati, Ohio, for petitioner/cross-respondent.

Edwin S. Hopson (argued), Wyatt, Tarrant & Combs, Louisville, Ky., for respondents/cross-petitioners.

Before ENGEL, Chief Judge, MERRITT and NELSON, Circuit Judges.

PER CURIAM.

Petitioner-cross-respondent National Labor Relations Board and Respondents-cross-petitioners Joyce Western Corporation, et al., respectively petition for enforcement of, and review of, a supplemental backpay order of the National Labor Relations Board, 286 N.L.R.B. No. 51

(1987), requiring Respondents to award backpay to twenty-three discriminatees.

Miami Springs Properties, Inc., and James H. Kinley & Associates, Inc., were joint operators of certain coal mining operations in Magoffin, Breathitt and Knott Counties in Eastern Kentucky. Controlled by owner James V. Joyce, Respondent Joyce Western Corporation currently owns all corporate shares of Miami Springs Properties and two related mining operations in Kentucky and West Virginia: Ex Coal Sales, Inc. and Christina Resources, Inc.

By order dated September 25, 1979, the National Labor Relations Board found that Miami Springs Properties and James H. Kinley & Associates, as joint employers, violated sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act by firing and refusing to reinstate twenty-three employees engaged in a protected strike. Deeming these labor violations to be egregious and longstanding, the Board also ordered Miami Springs, James H. Kinley and Associates, and their affiliated mining operations to provide the twenty-three discriminatees immediate, absolute and unqualified hiring preference within any mining-related operation in or within a radius of 100 miles of Magoffin, Breathitt and Knott Counties, Kentucky, for a period of ten years after the date of the order. *See Miami Springs Properties, Inc.*, 245 N.L.R.B. 278 (1979). On July 8, 1981, the United States Court of Appeals for the Sixth Circuit granted enforcement of the National Labor Relations Board order. *Miami Springs Properties v. N.L.R.B.*, 653 F.2d 276 (6th Cir.1981).

Believing that Respondents had failed to accord the discriminatees a hiring preference in June 1983, General Counsel of the National Labor Relations Board alleged that the discriminatees were entitled to backpay. After notice and a hearing, Administrative Law Judge John West issued a supplemental backpay order on September 18, 1986 awarding the discriminatees backpay totaling $406,887.87.[1] By order dated

---

**1.** The backpay awarded comprises four discrete periods of discrimination: (1) between March 10, 1975, when employees were laid off, and August 1, 1975, when Miami Springs' mining operations ceased; (2) dates after August 1975, when the Respondents continued mining operations in Magoffin, Breathitt and Knott Counties, Kentucky, such operations being covered by the Board's initial remedial order (3) between September 25, 1979 and July 1985, for other Ken-

September 30, 1987, the National Labor Relations Board affirmed the ALJ's supplemental backpay order with slight modification, holding that the ALJ failed to properly allocate an exact amount of backpay to miners and truck drivers under his supplemental order. The Board thus adopted the backpay order which requires Joyce Western Corporation, Miami Springs Properties, Inc., James H. Kinley & Associates, James H. Kinley & Son Inc. (successor corporation to James H. Kinley and Associates), Ex Coal Sales Inc., and Christina Resources Inc., their officers, agents, successors, and assigns to pay the twenty-three discriminatees the backpay set forth in the order. 286 N.L.R.B. No. 51 (1987).

The National Labor Relations Board petitions for enforcement of the Board's backpay order and Respondents Joyce Western Corporation, et al. seek judicial review of that order. Specifically, Respondents present six claims for review: (1) that James H. Kinley & Son should not be liable for any backpay awarded except that awarded to employee Kenneth Salyer; (2) that backpay should not be awarded after August 1, 1975, because Miami Springs Properties ceased operations on that date; (3) that backpay awarded under Appendix B for reclamation work of Ex Coal Sales and Christina Resources, Inc. falls outside the scope of the Board's original remedial order; (4) that for purposes of backpay, the Princess Cindy mining operation in Oak Hill, West Virginia was outside the 100–mile limit covered by the extraordinary remedial provisions of the Board's initial remedial order; (5) that numerous discriminatees failed to mitigate their losses and should have their backpay awards reduced; and (6) that the backpay awarded to nineteen of the twenty-three discriminatees was incorrect.

■ Under 29 U.S.C. § 160(c), upon finding that a party has engaged in an unfair labor practice, the National Labor Relations Board may issue an order requiring the violator to "cease and desist from such

unfair labor practice, and to take such affirmative action including reinstatement of employees with or without backpay, as will effectuate the policies" of the National Labor Relations Act. *See Sure–Tan, Inc. v. N.L.R.B.*, 467 U.S. 883, 898, 104 S.Ct. 2803, 2812, 81 L.Ed.2d 732 (1984). This statutory command vests in the Board the primary responsibility and broad discretion to devise remedies that effectuate the policies of the Act, subject only to limited judicial review. *Id.*, at 898–99, 104 S.Ct. at 2812; *N.L.R.B. v. Westin Hotel*, 758 F.2d 1126, 1129 (6th Cir.1985). Our review here "is limited to a determination whether the Board has abused its discretion in fashioning its remedial order." *Marlene Industries Corp. v. N.L.R.B.*, 440 F.2d 673, 674 (6th Cir.1971) (per curiam).

■ After careful review of the record, we find that the Board acted within its discretion by: holding James H. Kinley & Son jointly and severally liable for the entire backpay award; awarding backpay for mining work done after August 1, 1975; including the operations of Ex Coal Sales, Inc. and Christina Resources, Inc. for purposes of backpay liability under Appendix B of the backpay order; and including backpay from the Princess Cindy mining operation in Oak Hill, West Virginia under Appendix C of the order.

■ Further, we find that substantial evidence supports the Board's factual determinations that all discriminatees properly mitigated damages, and that the twenty-three discriminatees were entitled to the amount of backpay awarded. *See N.L.R.B. v. United Brotherhood of Carpenters and Joiners of America*, 531 F.2d 424, 426 (9th Cir.1976). Respondents have failed to discharge their burden of establishing facts that would reduce the amount of backpay to be awarded. *See M Restaurants, Inc. v. N.L.R.B.*, 621 F.2d 336, 337 (9th Cir.1980). As the Board acknowledged at oral argument, however, $900 awarded to discrimi-

tucky mining operations; and (4) between September 25, 1979 and December 31, 1982, for Respondents' operations at the Princess Cindy Mine in Oak Hill, West Virginia. Backpay awarded for time (2) is outlined in Appendix A to the backpay order; backpay awarded for time (3) is outlined in Appendix B; and backpay awarded for time (4) is outlined in Appendix C.

natee Roy Minix for medical expenses was in error. We modify the Board's order to delete this $900 award.

Accordingly, Respondents' petition for review is DENIED and the supplemental backpay order of the National Labor Relations Board is ENFORCED AS MODIFIED.