**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AKRON PAINT & VARNISH COMPANY, Respondent.**

**No. 91–6313.**

United States Court of Appeals, Sixth Circuit.

Submitted Sept. 22, 1992.

Decided and Filed Dec. 28, 1992 *.

---

* This decision was originally issued as an "unpublished decision" filed on December 28, 1992. On February 11, 1993, the court designated the opinion as one recommended for full-text publication.

Aileen A. Armstrong, Dep. Asso. Gen. Counsel, Collis Suzanne Stocking (briefed), Joseph J. Jablonski, Jr., National Labor Relations Board, Office of the Gen. Counsel, Washington, DC, Frederick Calatrello, Director, National Labor Relations Board, Region 8, Cleveland, OH, for N.L.R.B.

Joseph O'Leary (briefed), Canton, OH, for Akron Paint and Varnish Co.

Before: NATHANIEL R. JONES and SILER, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.

PER CURIAM.

Petitioner, National Labor Relations Board ("Board"), petitions this court to enforce a supplemental decision and order issued by the Board against Respondent, Akron Paint & Varnish Company ("Akron"). The issue is whether there is substantial evidence to support the Board's determination of backpay liability incurred by Akron as a result of its unlawful discharge of an employee, Frank T. Simon. For the following reasons, we will ENFORCE the Board's decision.

I. Facts and Procedure

On April 24, 1989, the Board issued a decision and order finding that Akron had violated Section 8(a)(3) and (1) of the National Labor Relations Act ("Act") (29 U.S.C. § 158(a)(3) and (1)) by discharging Simon, as he engaged in union activities. *Akron Paint & Varnish Co.*, 293 N.L.R.B. 781, *enforced mem.*, 890 F.2d 416 (6th Cir. 1989). The Board ordered Akron to: (1) offer Simon immediate and full reinstatement; (2) make him whole for wage losses due to Akron's unlawful discrimination; and (3) post an appropriate notice. On December 1, 1989, judgment was entered enforcing the Board's order. *Id.*

On May 30, 1990, the Board petitioned this court to find Akron in civil contempt for failure to: (1) offer reinstatement to Simon; and (2) post the required notice. However, on March 8, 1991, the Board moved to withdraw its contempt petition, as Akron substantially complied with these two provisions of the Board's order. On June 11, 1991, this court granted the motion.

Simon was employed as a master paint maker for Akron from 1976 until his discharge on April 1, 1988. Then, Simon returned to work at Akron on June 12, 1990. Accordingly, the Board's backpay specification sought to recover Simon's lost wages between April 1, 1988, through June 12, 1990. Akron notified Eighth Region Compliance Officer, Norm Richards, that Simon was known to have engaged in self-employment during the backpay period.

On October 17, 1990, at a backpay hearing, the parties reached a settlement before presenting any evidence to the Administrative Law Judge ("ALJ"). On December 5, 1990, the Board moved to reopen the record and reschedule trial, as Akron failed to comply with the agreement terms. After Akron failed to show cause why the Board's motion should not be granted, the ALJ ordered that the hearing be reopened on February 20, 1991.

At the reopened hearing, the Board amended the backpay specification to show that Simon had an additional $1,178 in interim earnings for working on a roof. Simon had previously reported these earnings but Richards overlooked them in preparing the initial specification. Richards followed the normal procedures in computing Simon's gross backpay, $47,341 plus interest. Simon testified that: (1) aside from his roofing job, he obtained interim employment at Posten Enterprises, where

he was subsequently laid off; (2) he continued to look for work after he was laid off, until he was reinstated by Akron; and (3) his wife had a cleaning business in which he did not participate.

On June 19, 1991, the ALJ issued a supplemental decision and recommended order ("the Supplemental Order"). As Akron failed to establish any of its defenses, the Supplemental Order recommended that Simon be granted the adjusted figure of $47,-341 plus interest. On September 26, 1991, the Board affirmed the ALJ.

On November 12, 1991, this court docketed the Board's application for enforcement in this proceeding. Subsequently, Akron, alleging newly discovered evidence of Simon's participation in a cleaning business, moved the Board to reconsider, to reopen the record, and to conduct a hearing *de novo*. On January 2, 1992, this court granted the Board's motion to delay the filing of the record so that the Board could retain jurisdiction to rule on that motion. As Akron filed no supporting affidavits or made any other evidentiary proffers and could have discovered the evidence earlier with due diligence, the Board denied the motion on February 6, 1992.

## II. Standard of Review

■ The Board's remedial power is a "broad discretionary one, subject to limited judicial review." *Fibreboard Paper Prods. Corp. v. NLRB*, 379 U.S. 203, 216, 85 S.Ct. 398, 406, 13 L.Ed.2d 233 (1964); *NLRB v. Westin Hotel*, 758 F.2d 1126, 1129 (6th Cir.1985). In a backpay proceeding, the Board's burden is limited to showing "what would not have been taken from [the employee] if the [employer] had not contravened the Act." *Virginia Elec. & Power Co. v. NLRB*, 319 U.S. 533, 544, 63 S.Ct. 1214, 1220, 87 L.Ed. 1568 (1943). Next, " 'the burden is upon the employer to establish facts which would negat[e] ... or ... mitigate that liability.' " *NLRB v. Ohio Hoist Mfg. Co.*, 496 F.2d 14, 15 (6th Cir.1974) (quoting *NLRB v. Brown & Root, Inc.*, 311 F.2d 447, 454 (8th Cir.1963)). ■ "[T]he Board's conclusion as to whether an employer [has met its burden]

... will be overturned on appeal only if the record, considered in its entirety, does not disclose substantial evidence to support the Board's findings." *Westin Hotel*, 758 F.2d at 1130. The Board has wide latitude in computing the amount of backpay to award to a discriminatee. *NLRB v. J.H. Rutter-Rex Mfg. Co.*, 396 U.S. 258, 263, 90 S.Ct. 417, 420, 24 L.Ed.2d 405 (1969); *NLRB v. S.E. Nichols of Ohio, Inc.*, 704 F.2d 921, 923 (6th Cir.), *cert. denied*, 464 U.S. 914, 104 S.Ct. 275, 78 L.Ed.2d 256 (1983).

## III. Analysis

First, Akron argues in its brief that the Board's failure to verify interim earnings in Simon's tax returns and its amending of the specification to reflect additional interim earnings amounts to dereliction. This argument is meritless, as Akron's representative even stated at the Board hearing that he was "satisfied now that we have got all of the [interim earnings]."

■ Second, Akron argues in its brief that "there is no substantial evidence in the record as a whole that supports the fact that [Simon] ever sought employment in his own industry for a comparable position in a comparable labor market." However, "the defense of wilful loss of earnings is an affirmative defense, and ... the burden is on the employer to prove the defense." *NLRB v. Reynolds*, 399 F.2d 668, 669 (6th Cir.1968). As Akron did not raise this issue before the Board, it is waived. *See Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 665–66, 102 S.Ct. 2071, 2082–83, 72 L.Ed.2d 398 (1982).

■ Third, Akron argues in its brief, in an attempt to contradict Simon's testimony that he had to draw unemployment twice, sell his car, and borrow money "to keep going," that Simon was engaged in full time self-employment, as his wife has her own cleaning business. Akron's argument is meritless and contrary to the evidence in the record.

Akron's arguments are based on a misstatement of settled principles governing backpay proceedings and have asserted facts which are either contrary to the un-

controverted record evidence or highly speculative. "Courts ... are to be used as a means to resolve disputes, not as a weapon to postpone their inevitable outcome, no matter how distasteful that outcome may be to one party." *Napili Shores Condominium Homeowners' Ass'n v. NLRB*, 939 F.2d 717, 721 (9th Cir.1991). Akron's intentional delay is demonstrated by its: (1) reinstatement of Simon only after contempt proceedings were initiated; (2) failure to comply with the October 17, 1990, settlement agreement; (3) failure to respond to the show cause order; and (4) motion to reopen the record without any supporting evidence after the Board filed its enforcement application.

Even though the Board denied Akron's motion to consider this evidence, Akron raises the issues of whether: (1) Simon was involved in his wife's cleaning business; and (2) he has a wife. As the Board declined to hear this evidence, it cannot be raised on appeal. *See Woelke*, 456 U.S. at 665–66, 102 S.Ct. at 2082–83. Furthermore, as it is within the Board's discretion to deny Akron's motion to reopen, its decision must be affirmed. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 493, 71 S.Ct. 456, 467, 95 L.Ed. 456 (1951). Thus, the Board had substantial evidence to determine the amount of backpay liability, and its petition for enforcement of its order shall be granted. *See Westin Hotel*, 758 F.2d at 1130.

In addition, "[Federal Rule of Appellate Procedure] 38 provides that '[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.'" *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir.1987). "[I]t is generally recognized that an appeal is frivolous 'if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes.'" *Id.* (quoting *Dallo v. INS*, 765 F.2d 581, 589 (6th Cir. 1985)). Where the Board petitions for enforcement of its decision and the respondent asserts frivolous arguments in defense, damages and costs are properly assessed against the respondent. *NLRB v.*

*Catalina Yachts*, 679 F.2d 180, 182, n. 1 (9th Cir.1982). " '[W]ith courts struggling to remain afloat in a constantly rising sea of litigation ... Rule 38 should doubtless be more often enforced than ignored in the face of a frivolous appeal.' " *Cincinnati Bronze*, 829 F.2d at 591 (quoting *WSM, Inc. v. Tennessee Sales Co.*, 709 F.2d 1084, 1088 (6th Cir.1983)).

As Akron's response is frivolous and for the purpose of delay, sanctions will be imposed. Accordingly, Akron is ordered to pay double costs and attorney's fees. Fed. R.App.P. 38. The petition to enforce the supplemental decision and order of the Board is GRANTED.