57 F.3d 1072
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Glenda M. WEST, Plaintiff/Appellant,
v.
HESS ENVIRONMENTAL SERVICES, INC., Defendant/Appellee.
 No. 94-5590.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Glenda West ("West") appeals the district court's grant of summary judgment in favor of defendant Hess Environmental Services ("HES") on her claim of handicap discrimination under Tenn. Code Ann. Sec. 8-50-103 (1993). For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 West began working as a bookkeeper for HES in November 1989. In 1991, West missed over nineteen weeks of work due to a variety of ailments including back surgery, ulcers, sinus disorders and migraine headaches. During 1992, West missed over nine weeks of work for these ailments, and in the first six weeks of 1993, West missed almost two weeks of work. West's absences were noted in her summer 1992 evaluation and she was counseled orally in the fall of 1992 that her repeated absences were hurting HES' business operations.[1] The president of HES, Connie Hess, stated on a few occasions that she believed plaintiff's "back was probably messed up for the rest of her life." (J.A. at 187.) Hess also opined that West would "probably have back problems and back pain for the rest of her life" and that she wondered "whether [West] was capable of performing [her] job." (J.A. at 186-89.)
 
 
 3
 West was terminated on February 19, 1993, because of her excessive, repeated absences. West contends that she was terminated because of her handicap.[2] On March 17, 1994, the district court granted HES' motion for summary judgment on West's handicap discrimination claim. This timely appeal followed.
 
 II.
 
 4
 We review a district court's grant of summary judgment under a de novo standard of review. Boger v. Wayne County, 950 F.2d 316, 321 (6th Cir. 1991). Rule 56 mandates the entry of summary judgment against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We determine whether there is a genuine issue for trial, viewing the record as a whole and viewing all the facts in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 578 (1986). Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. City Management Corp. v. United States Chem. Co., 43 F.3d 244, 254 (6th Cir. 1994).
 
 
 5
 A prima facie case of handicap discrimination under Tenn. Code Ann. Sec. 8-50-103 requires a plaintiff to show that she has a handicap, and that she can either do the work or is "otherwise qualified" to do the work notwithstanding her handicap. Tuck v. HCA Health Servs., 7 F.3d 465, 469 (6th Cir. 1993). The Tennessee courts apply the definition of "handicap" set forth under the Human Rights chapter of the Tennessee Code, Sec. 4-21-102(9)(A):
 
 
 6
 "Handicap" means, with respect to a person:
 
 
 7
 (i) A physical or mental impairment which substantially limits one (1) or more of such person's major life activities;
 
 
 8
 (ii) A record of having such an impairment; or
 
 
 9
 (iii) Being regarded as having such an impairment.
 
 
 10
 Hallums v. Coca-Cola Bottling Co. Consol., 874 S.W.2d 30 (Tenn. Ct. App. 1993). We determine whether an individual has an impairment substantially limiting a major life activity on a case-by-case basis. Id. at 32. The impairment must limit the person's general employability in order to qualify as substantially limiting a major life activity; the inability to work at the specific job of one's choice is not. Id.
 
 
 11
 West contends that there is a triable issue of fact with respect to each of the three definitions of handicap set forth at Sec. 4-21-102(9)(A). We address West's argument with respect to whether there is evidence from which a jury could conclude that West is a handicapped individual because she was "regarded as having an impairment." We find, however, that the remaining issues raised on appeal were correctly decided by the district court's March 17, 1994 decision, we will not address them here. Instead, we affirm the judgment of the district court as to these issues for the reasons stated in the March 17, 1994 Order.
 
 A.
 
 12
 West claims that Hess regarded West as having a substantial impairment limiting her general employability. We disagree. West has failed to establish that there is evidence from which a jury could conclude that she is a handicapped individual because she was "regarded as having an impairment."[3]
 
 
 13
 Hess purportedly stated on several occasions that West would "probably have back problems and back pain for the rest of her life." Hess' statements can be fairly construed as concern over an employee's injury. These statements are not probative of whether Hess believed that West had a substantial impairment that affected her general employability. At best, Hess' statements reflect a belief that West could not perform her job at HES. In order to be actionable, the perceived impairment must limit the person's general employability, not the inability to work at a specific job. Hallums, 874 S.W.2d at 32.
 
 
 14
 Moreover, in light of the evidence at Hess' disposal at the time she made the statements, no reasonable jury could conclude that West is a handicapped individual because Hess regarded her as impaired. After each absence, West's treating physicians issued return to work authorizations to Hess, two of which specifically indicated that West had no restrictions and could perform full duty. (See, e.g., J.A. at 85-88, 129.)
 
 B.
 
 15
 HES requests that this court award sanctions on the ground that West's appeal is frivolous. We have the discretion to award sanctions for bringing a frivolous appeal. See Fed. R. App. P. 38; Burlington N. R.R. Co. v. Woods, 480 U.S. 1, 4 (1987). An appeal should be considered frivolous only "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." NLRB v. Akron Paint & Varnish Co., 985 F.2d 852, 855 (6th Cir. 1992) (citation omitted). Because we cannot conclude that West's appeal was brought for any improper purpose, we decline to exercise our discretionary power to impose sanctions.
 
 III.
 
 16
 For the reasons set forth above, and in the district court's March 17, 1994 Order, we find that West has failed to establish that a genuine issue of fact remains to preclude summary judgment and therefore we AFFIRM the judgment below. Further, we decline to impose sanctions against West for bringing this appeal.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 HES employed part-time bookkeepers to continue normal business functions twice during West's prolonged absences in 1991 and 1992
 
 
 [2]
 West subsequently obtained employment on September 1, 1993, as a senior cost accountant with Thomas and Betts, where she works between 52-73 hours per week, and has only three sick-day absences
 
 
 [3]
 The term "regarded as having such an impairment" means:
 (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by an employer as constituting such a limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitude of an employer toward such impairment; (3) or has none of the impairments defined in (b) of this section but is treated by an employer as having such an impairment.
 Cecil v. Gibson, 820 S.W.2d 361, 364 (Tenn. Ct. App. 1991) (quoting 29 C.F.R. Sec. 1613.702(e)).