110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In the Matter of Lester Charles MOLSON and Ruby Molson, Debtors.
Lester Charles MOLSON and Ruby Molson, Plaintiffs-Appellants,
v.
STANDARD FEDERAL BANK, Defendant-Appellee.
 No. 96-1996.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 Before: KENNEDY, CONTIE, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This is a pro se appeal from a district court order affirming a bankruptcy court's order granting a creditor's motion to annul the automatic stay that went into effect upon the debtors' commencement of a Chapter 13 bankruptcy petition filed February 11, 1993. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The debtors, Lester and Ruby Molson, borrowed $180,000 from the creditor, Standard Federal Bank, to purchase a home. The loan was secured by a mortgage, which was recorded in December 1989. The debtors immediately defaulted. The bank commenced foreclosure proceedings, and a foreclosure sale was scheduled for August 1990. The debtors filed a bankruptcy petition on August 1, 1990, and the bank canceled the foreclosure sale due to the automatic stay. That petition was dismissed in February 1991 because of the debtors' "delay prejudicial to creditors and to the estate."
 
 
 3
 Thereafter, the debtors filed a series of bankruptcy petitions, most of which were dismissed when the debtors failed to appear at the first meeting of creditors or to comply with other procedural requirements. In January 1993, after the debtors had been in default for three years, the bank again scheduled the foreclosure sale for February 12, 1993. The debtors filed yet another bankruptcy petition on February 11, 1993. The bank ignored this filing and proceeded with the foreclosure sale on February 26, 1993. This bankruptcy petition was dismissed on March 10, 1993, when no plan was filed. Two other petitions filed in March and October 1993, were also dismissed because the debtors failed to file certain documents.
 
 
 4
 After the six-month redemption period expired, the bank initiated an eviction proceeding. Six months later, and four years after the initial default, the bank succeeded in evicting the debtors.
 
 
 5
 The debtors then commenced a wrongful eviction lawsuit in Macomb County Circuit Court. In defending that action, the bank argued that the debtors had abused the process of the bankruptcy court and, therefore, the automatic stay was ineffective to prevent foreclosure. The state court judge doubted that he had jurisdiction to rule on an issue of bankruptcy law. He suggested that the parties return to the bankruptcy court for a ruling as to whether the foreclosure sale violated the automatic stay. Over the debtors' objection, the bankruptcy court reopened the bankruptcy case and retroactively annulled the stay that had been in effect at the time of the foreclosure sale. The district court affirmed the bankruptcy court's decision. This appeal followed. The appellee has filed a motion for damages pursuant to Fed.R.App.P. 38, and the debtors have responded.
 
 
 6
 Initially, we conclude that Ruby Molson is not properly before the court because she failed to sign the notice of appeal. Generally, the court lacks jurisdiction over the claims of pro se appellants who fail to sign the notice of appeal. See Theriault v. Silber, 579 F.2d 302, 302 n. 1 (5th Cir.1978), cert. denied, 440 U.S. 917 (1979). This holding does not work a hardship on Ruby Molson because the appeal itself lacks merit.
 
 
 7
 The Sixth Circuit independently reviews the bankruptcy court's decision. Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd. (In re The Gibson Group, Inc.), 66 F.3d 1436, 1440 (6th Cir.1995); Ciba-Geigy Corp. v. Flo-Lizer, Inc. (In re Flo-Lizer, Inc.), 946 F.2d 1237, 1240 (6th Cir.1991). This court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and reviews the bankruptcy court's conclusions of law under the de novo standard. In re The Gibson Group, Inc., 66 F.3d at 1440. " 'A finding [of fact] is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Also, a bankruptcy court's order granting or denying relief from an automatic stay is reviewed for an abuse of discretion. White v. White (In re White), 851 F.2d 170, 174 (6th Cir.1988).
 
 
 8
 Upon review, we conclude that the bankruptcy court did not abuse its discretion in granting relief in the form of an annulment of the automatic stay for the reasons stated by the bankruptcy court. Id.
 
 
 9
 As a final matter, Standard has requested that this court award sanctions against the debtors for filing this appeal which Standard characterizes as frivolous. Fed.R.App.P. 38 provides that a court of appeals may award just damages and single or double costs to the appellee if it determines that an appeal is frivolous. An appeal should be considered frivolous only "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purpose." NLRB v. Akron Paint & Varnish Co., 985 F.2d 852, 855 (6th Cir.1992) (citation omitted). We cannot say that the appeal was brought for delay, harassment, or any other improper purpose.
 
 
 10
 Accordingly, the motion for damages is denied, and the district court's order affirming the bankruptcy court's annulment of the stay is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.